Per Curiam.

The application for this writ of habeas corpus was made by the master of a Russian ship now in [ * 65 ] * this port; and he therein alleges that George Ribkin was a minor, under the age of twenty-one years, and his indented apprentice under the laws of Russia, to which country they both belong; and further stating that the said Ribkin was unlawfully restrained of his liberty by the respondent. The return upon the writ is, that Ribkin is a soldier in the service of the United-States, duly enlisted by another name, and under the immediate command of the respondent. A copy of his enlistment, being annexed to the return, it appears that Ribkin has sworn that he was of age.
We cannot avoid remarking the great impropriety of enlisting a foreigner in the merchants’ service of another country, to which we owe at least the duties of common hospitality, and particularly of administering an oath to him in a language of which it is apparent he is totally ignorant. We are satisfied, from the evidence which has been brought before us, that Ribkin is a minor; and, indeed, the appearance of the young man could hardly leave a doubt in any mind of the fact.
The laws of the United States prohibit the enlistment of minors into their armies, without the consent of their parents or guardians. A foreign minor is included in the prohibition. It was, then, an unjustifiable act in the officer to enlist him. The enlistment is void, and the defendant has no authority to detain him.
It has been objected that the party in this case is consenting to his restraint, and it has been said that it is an abuse of this process to use it in such a case. But other parties, as parents, guardians, &c., may have an interest in the liberty of minors; and our statute has expressly provided that any person may complain, &c. This Court has authority — and it will not shun the exercise of it on proper occasions — to inquire into the circumstances under which any person brought before them by writ of habeas corpus is confined or restrained of his liberty. If a minor is withheld from his parents or guardians against their will, this Court will put him at liberty *67 from such restraint, that he may again come under his lawful governors, although the minor * himself, perhaps [ * 66 ] seduced by the evil counsels of his keepers, may still wish to remain with them. It is true, it may not, in every case, be the duty of the Court to put the minor into the custody of those who may claim the charge of him; but if they find him illegally restrained of his liberty, they will set him at large, leaving the further disposition of his person to the law of the land.
In the present case, it appearing to us that the supposed enlistment of George Ribkin is an act merely void, and that the defendant has no legal claim to the custody or control of him, we shall set him at large; and the master, claiming him by the laws of the Russian empire, must take his remedy by our laws, should he again be interrupted in the lawful control and direction of his apprentice, (a)

 Vide Commonwealth vs. Cushing, post, 67, and cases there cited in the note