The opinion of the Court was delivered by
Tilghman C. J.
The prisoner was indicted for burglary and larceny. He was acquitted of the burglary and convicted of the larceny. The indictment did not conclude against the form of the Act of Assembly, &c. This conviction was at a Court of Oyer and Terminer, held on the 9th of January, 1819, at which time the defendant was under sentence of imprisonment for another offence, to continue until the 23d December, 1821. Judgment was given against him, in the present case, “ to pay a fine of one dollar to the Com - monwealth, and to undergo a servitude at hard labour m the penitentiary of the city and county of Philadelphia for the term of three years to be computed from the 23d December, J L 1821*”
Two errors are assigned in this judgment. 1st. That Judgment was given for a punishment inflicted by the Act of jo o i * Assembly. 2d. That the imprisonment was to commence at.-a future time. ' ,
1. The first point was expressly decided in the case of the Commonwealth v. Searle, 2 Binn. 332. The rule laid down in that case, was, that where a statute expressly prohibits an offence, or creates an offence, and inflicts a punishment, the indictment must conclude, “ against the form of the statute,” or judgment cannot be given for the.punishment inflicted by the statute; but where astatute only inflicts a punishment on that which was an offence before, judgment may be given for that punishment, although the indictment does not mention the statute. The decision in the Commonwealth v. Searle, was made after search of precedents and on full consideration of *490 the law. Both in England and Pennsylvania, the judgment in murder, has been altered by statute, yet judgment is always given according to the punishment prescribed by the statute, although the indictments do not conclude against the form of the statute. The law must, therefore, be considered as settled, and the present case falls within the rule of Searle's case, because the Act of Assembly which inflicts the punishment, neither creatss nor prohibits the crime of larceny.
2. As to imprisonment to commence at a future time, it is ■warranted by principle, practice, and authority. It is not denied by the counsel for the prisoner, that it has been the common practice in the Courts of this State. And the very point was decided by the highest authority in England in the case of the King v. Wilkes in the year 1779, which, being before our revolution, is authority in our Courts. Mr. Wilkes was convicted in the Court of King’s Bench of two libels, for one of which he was sentenced to imprisonment for ten calendar months ; and for the other, to be further imprisoned for the space of twelve calendar months, to be computed from and after the determination of the first imprisonment. A writ of error was brought on this judgment to the house of lords, where it was affirmed by the advice of all the Judges. So much for authority. But to consider the thing on principle; where a man has been sentenced to imprisonment for one offence, and is afterwards convicted of another, what can be so proper as to make his imprisonment for the second of-fence, commence after the expiration of the first imprisonment. Would it not be absurd, to make one imprisonment, a punishment for two offences ? Nay the absurdity does not end there, for unless imprisonment for the last offence is to begin where the imprisonment for the first ends, it would be impossible, under our system, to punish the offender, in certain cases, for the.last offence, at all. Suppose, for instance, one who has been convicted of burglary, and sentenced to seven years imprisonment, should afterwards be convicted of larceny, for which the law does not authorise an imprisonment longer than three years; these three years must either be made to commence after the expiration of the seven, or they will be merged in them, and thus be no punishment at all. The only pretence that has been urged against this *491 judgment is, that if the Governor should pardon the first of-fence, there would be a chasm, during which the prisoner would be at large. And what then ?■ He would still be liable to the second imprisonment, if he could be taken, when the time for its commencement arrives. But 'this is an inconvenience not like to, happen. For if the Governor is well advised, (as we must surely presume that he always will be,) he will not pardon a prisoner, until he is informed whether he has been committed for any other offence, and being fully apprised of his situation,' he will take care so to regulate his pardon, as to prevent confusion or mischief. I am therefore of opinion that .the judgment for imprisonment, to commence at a future time, was good.
The judgment of the Court of Oyer and Terminer is to be affirmed. ■