January Term, 1862.

In re Gregg.

----

In the matter of the application of JOHN F. GREGG for a writ of *Habeas Corpus* to discharge MARTIN GREGG.

The court will not award the writ of *habeas corpus,* if, upon the facts disclosed in the petition, it is of opinion that it could not discharge the prisoner from custody.

Under sec. 2 of the act of Congress, approved Feb. 13, 1862 (construed in connection with the acts of Sept. 28, 1850, Dec. 10, 1814 and Jan. 20, 1813), a minor over 18 years of age may make a valid contract of enlistment in the military service of the United States, without the consent of his parent or guardian.

APPLICATION for a writ of *Habeas Corpus.*
The case is stated in the opinion of the court.
*Welch & Lamb,* for petitioners.

· *By the Court,* COLE, J. This is an application for a writ of *habeas corpus,* to inquire into the restraint of *Martin Gregg.* The substance of the petition can be stated in a few words. *Martin,* being a minor, over eighteen years of age, has enlisted without the consent of his father, the petitioner, as a soldier, into the service of the United States, and is now kept and engaged in such service under Col. Pinkney of the 20th regiment of Wisconsin volunteers. The object of the application is to discharge him from such service.

The question is—Ought we to issue the writ upon such an application? It is not claimed that we should, if upon the

*July 15.*

January Term,
1862.

In re GREGG.

facts disclosed in the petition we are of the opinion that we cannot discharge the soldier from his enlistment, but must remand him to to the custody and control of the military authorities.

Is then the contract of enlistment, supposing it to have been made without the consent of the father, valid? We think it is, as the following authorities conclusively show: *The Commonwealth vs. Murray*, 4 Binney, 486; *The Commonwealth vs. Barker*, 5 id. 423; *The Commonwealth vs. Gamble*, 11 S. & R., 93; *United States vs. Bainbridge*, 1 Mason, 71; *United States vs. Stewart*, Crabbe's R., 265. The principle of these authorities is this: The constitution of the United States delegates to Congress the power to raise and support armies, and therefore that body may authorize the enlistment of minors into the military service of the United States without the consent of the parent or guardian.

The contract of enlistment may be essential and useful to the public welfare, and beneficial to the minor himself, and Congress may confer upon him the capacity to make it. Has Congress exercised the power, and authorized the enlistment of minors?

By section five of the act of Sept. 28, 1850 (9 U. S. S., p. 507), it was made the duty of the secretary of war to order the discharge of any soldier of the army of the United States, who, at the time of his enlistment, was under the age of twenty-one years, upon evidence being produced to him that such enlistment was without the consent of his parent or guardian. Section two of an act approved Feb. 13, 1862, repeals the fifth section of the act of 1850, and contains this proviso: "That hereafter no person under the age of eighteen shall be mustered into the United States service, and the oath of enlistment taken by the recruit shall be conclusive as to his age."

This proviso recognizes, by the strongest implication, the right of a minor over eighteen years of age to make a valid contract of enlistment. And when considered in connection with the act of Dec. 10, 1814 (3 U. S. S., 146), which authorized the enlistment in the army of the United States of any free, effective, able bodied man between the ages of eighteen

and fifty ; and the previous act of January 20, 1813 (2 U. S. S., 792), which required the consent of the parent in writing to authorize the enlistment of persons under twenty-one years of age—the intention of Congress becomes manifest and clear.    It is to render valid the contract of enlistment of a minor over eighteen years of age.

June Term, 1862.

Our statute also requires the enrollment of all able bodied white male citizens between the ages of eighteen and forty-five, for militia duty.    Chap. 31, sec. 1, page 343, R. S.

So, notwithstanding the general rule that the father is entitled to the custody of his children during infancy, and may claim the benefit of their labor—and also the rule that a person under twenty-one years of age cannot bind himself by a valid contract, yet these general principles are not unlimited, and do not prevent a minor over eighteen from making a valid contract of enlistment, or exempt him from military duty.

The writ of *habeas corpus* must therefore be refused.