## In re Higgins.

A minor over eighteen years of age may make a valid contract of enlistment into the army of the United States, without the consent of his parents or guardian. The decision *in re Gregg*, 15 Wis., 479, adhered to.

The provision contained in sec. 2, act of congress of Feb. 13, 1862, "that the oath of enlistment taken by a recruit shall be conclusive as to his age," does not apply to a case where the recruit is under the age of eighteen years, and the officer who enlists him is so informed by him at the time, or knows such to be the fact, and such an enlistment is unauthorized and a fraud on the parent and government.

This provision of the act of Feb. 13, 1862, was designed to apply to a case where the recruit falsely represents himself to be eighteen years of age, and thereby deceives the enlisting or mustering officer.

CERTIORARI to a Court Commissioner for *Dane* County. The return to the writ showed that the commissioner on the petition of Seth D. Higgins, in the usual form, alleging among other things, that his son, *Parley E. Higgins*, was unlawfully restrained of his liberty at Camp Randall, by Brigadier Gen. *W. L. Elliot*, commanding the department of the North-West, upon the pretense that he, said *Parley E. Higgins*, had enlisted as a private in the first Wisconsin cavalry, but that such enlistment was void, for the reason that he was at the time he enlisted, a minor, under the age of eighteen years, and it was made without the consent of the petitioner, and that the said *Parley E. Higgins* was enticed away without the knowledge of the petitioner; issued a writ of *habeas corpus* to Gen. *Elliot*, to which the latter returned in substance, that the said *Parley E. Higgins*, on the 21st of Feb., 1862, duly enlisted in the military service of the United States, in the first regiment of Wisconsin cavalry, and that he then was duly sworn and mustered into the service of the United States for the period of three years, and that he then was of the age of eighteen years, and therefore he was detained to do military duty, &c. The petitioner replied to the return, that the said *Parley E. Higgins* was not duly enlisted into the military service, and that at the time of the alleged enlistment he was not of the age of eigh-

teen years.   At the hearing before the commissioner, the respondent offered in evidence the muster-in roll of Capt. Harnden's company, in the first regiment of Wisconsin cavalry, upon which appeared the name of said *Parley E. Higgins*, as having been mustered in on the 21st of Feb., 1862, his age being therein stated to be eighteen years, and rested.

The petitioner then produced evidence, showing that the said *Parley E. Higgins* was his son, and was not eighteen years of age at the time of enlistment, and that he enlisted without his knowledge or consent, and that he enlisted while at school and kept the same secret by instructions of the recruiting officer, and that his father the petitioner did not know of it until after he had gone into camp, and that at the time he was enlisted he told the recruiting officer that he was only seventeen years of age;   all of this evidence was objected to by the respondent as being inadmissible, but the objection was overruled.   It was further proved that the said *Parley E. Higgins* was sworn into the service of the United States by Lieut. Christopher, a mustering officer, and the evidence tended to show that the oath administered was the usual one administered in such cases.   The commissioner made an order discharging the said *Parley E. Higgins*, and the respondent brought the case to this court by a writ of *certiorari*.

*J. C. Hopkins*, for petitioner.

Infants by the acts of congress of 1812 and 1813 now in force, could only be enlisted with the consent of their parents or guardians.   By the act of Feb. 13, 1862, those under the age of 18 years cannot be mustered into the service at all, and where the statute authorizes the enlistment of infants and does not *expressly* authorize it without the consent of their parents, it is to be presumed that it is to be by such consent.   24 Pick., 227.   2. The enlistment of an infant is void.   7 Barr., 336; 7 Cow., 471; 6 Binn., 255; 11 Mass., 63, 67.   Counsel contended that the decision that an infant over the age of eighteen might be enlisted without the consent of his parents in the *Matter*

*of Gregg*, 15 Wis., 479, was erroneous, and argued at length in support of that position. 3. The provision in the act of Feb. 13, 1862, that the oath of enlistment shall be conclusive as to the age of the recruit, relates only to proceedings in the war department, and was designed to prevent controversies there, and is not a rule of evidence to be followed in the courts ; and if the oath operates as an estoppel on the infant it cannot bind his parent. 4. The oath of enlistment means an oath taken by the recruit when he enlists, stating his age, residence, &c., and it does not appear that the recruit in this case swore that he was eighteen years of age.

*S. U. Pinney*, for respondent.

1. Congress has power to declare that the contract of enlistment shall be binding on both the parent and the infant, in cases where the recruit is over the age of 18 years, and so it may make rules and regulations prescribing what shall be evidence of the age of the recruit, and all persons will be bound thereby. *In re Gregg*, 15 Wis., 489; Act of Feb. 13, 1862, § 2.

2. The fact that the recruit took the oath of enlistment is conclusive that he was of the proper age to be received into the army. That he took such oath is alleged in the return and not denied by the petitioner, and it is also shown by the evidence. There is no regulation that requires the oath to be in writing or that the recruit shall swear what his age is. Declarations of enlistment are not required to be sworn to. Army Reg., 131, 132. An *oath* does not imply or mean a sworn declaration in writing. Bou. Law Dic., title *Oath*, 1 Greenlf. Ev., 328. The effect of § 2, act of 1862, is, that one fact, the aking of the oath of enlistment, shall be conclusive evidence of another, a statement of which is contained in the declaration of enlistment which precedes the oath, and the fact that the recruit takes an oath is made conclusive evidence of his capacity to make the contract of enlistment. It was not intended to regulate proceedings before the secretary of war, as his power to discharge minors from enlistment is taken away

by this section, and it was not intended to apply to the case of those who were in *fact* eighteen years of age, as in such cases no such rule was needed. *In re Gregg*, 15 Wis., 479.

*By the Court*, COLE, J.   In the case of *Gregg*, 15 Wis., 479, two propositions of law were decided.

First, That it was competent for the government of the United States to make the contract of enlistment of a minor valid, although he might enlist without the consent of his parent or guardian; and

Second, That congress had exercised this power by providing for the enlistment of minors over the age of eighteen years into the army of the United States, without such consent.

Upon the first point several authorities are cited, maintaining the power of the general government to render valid such a contract.   Other authorities might be added to the same effect were it deemed necessary, but it probably is not, since the power of the government is conceded both upon principle and authority by the counsel who argued this case.   But he controverted the correctness of the second proposition and insisted that we had misapprehended the legislation of congress in reference to the enlistment of minors into the army of the United States.   He contended that no provision had been made by congress for the enlistment of minors into the army of the United States without the consent of their parents or guardian, and cited in support of the position, *Commonwealth vs. Harrison*, 11 Mass., 63 ; *Commonwealth vs. Cushing*, id., 66 ; *Carlton's Case*, 7 Cowen., 471 ; *Commonwealth vs. Fox*, 7 Barr., 336 ; *Commonwealth vs. Downes*, 24 Pick., 227.

For the purpose of showing that the result of congressional legislation was correctly stated in the *Gregg* case, we will again refer to the laws of congress upon this subject.

By the 11th section of the act of March 16th, 1812, (2 U. S. Stat. at large, chap. 9, p. 132,) and the 5th section of the act of January 20th, 1813, (2 U. S. Stat. at large, 791, chap. 12,)

congress provided that no person under the age of twenty-one years should be enlisted into the army of the United States by any officer, or held in the service, without the consent of the parent, guardian or master first had and obtained. This legis-lation, however, was entirely changed by the act of December 10th, 1814, (3 U. S. Stat. at large, p. 146, chap. 10). The first section of this act authorizes the enlistment into the army of the United States of any free, effective, able-bodied man be-tween the ages of eighteen and fifty years of age, and declares the enlistment shall be absolute and binding upon all persons under the age of twenty-one years as well as upon persons of full age. The second section prohibits the recruiting officer from paying or delivering to a recruit under the age of twenty-one years any bounty or clothing, and likewise prohibits the officer from restraining the recruit of his liberty in any manner, until after the expiration of four days from the time of enlist-ment, and permits the recruit to reconsider and withdraw his enlistment at any time within the period of four days, and to be discharged. The third section repeals the provision in the act of January 20th, 1813, which requires the consent of the parent, guardian or master to authorize the enlistment; but further provides, in case of the enlistment of any person held to service as an apprentice at the time of the enlistment, that then the bounty money shall be divided between the master and servant in the manner therein specified.

No legislation could possibly be more clear, or less liable to misconstruction, than this statute. It provides in the clearest manner, for the enlistment of minors over eighteen and under twenty-one years of age, and makes the contract of enlistment binding upon them as upon adults, giving them four days to withdraw their enlistment. It further repeals the provision of the previous statute, which required the consent of the parent, guardian or master to the enlistment to make it valid, and the further provision in regard to the division of the bounty money between the master and servant, in case of the enlistment of

an indentured apprentice, which was undoubtedly, designed to be a compensation to the former for the loss of the services of the latter, and evinces the intention of congress upon the subject too plainly to be misunderstood. We certainly should despair of ever understanding a law if the construction which we have placed upon this act be not correct.

We may repeat here, what was said in the *Gregg* case, that the next legislation we find on this subject, is the 5th section of the act of September 28th, 1850, (9 U. S. Stat. at large, 504, C. 78,) which authorized the secretary of war to discharge any soldier of the army who at the time of enlistment was under the age of twenty-one years, upon evidence being produced to him that such enlistment was without the consent of his parent or guardian. If, as the counsel supposed, the law required the consent of the parent or guardian in order to render the enlistment valid, there would obviously be no necessity for any such provision, for by the acts of 1812 and 1813, the minor enlisting without such consent could not be held in the service. But even this section, permitting the secretary of war to discharge the minor who had enlisted without the consent of the parents or guardian, was repealed by the 2d sec. of chapt. 25, being the act of February 13th, 1862, (U. S. Stat. at large for 2d Session 37th Congress, p. 339.)

After this summary of the acts of congress upon the subject, it may be properly assumed that a minor over eighteen may make a valid contract of enlistment into the army of the United States, without the consent of his parents or guardian.

The cases cited by the counsel demand a moment's notice. Those in 11th Mass., 63, 67, were decided before the change in the law by the passage of the act of 1814. In the case in 7 Barr., 336, the judge cites and relies upon the 11th section of the act of 1812, which we have already seen was repealed. He seems to have overlooked entirely the act of 1814.

The same remark applies to the case in 7 Cowen, 471. In this case, C. J. SAVAGE assumes that the enlistment was void

by act of congress, but he refers to no act, and we know of none in force at the time the case was decided, which rendered it void. In the case in 24 Pick., 227, the question before the court was whether a minor enlisted into the navy without the consent of the guardian or master, should be discharged. The court held that under existing laws of congress the contract of enlistment into the navy was void without the consent of the master or guardian. This may all be very true without showing the contract of enlistment by a minor into the *army* would be void. I have not examined the statutes to see whether congress has made any distinction between an enlistment of a minor into the army or navy, but presume that there is a difference in the case in this respect. (See *Phelan's case* 9 Abbott's Prac. R., 286.)

The testimony taken in this case before the commissioner who issued the writ of *habeas corpus*, abundantly shows that the soldier, *Parley E. Higgins*, was not eighteen years of age when he enlisted into the service of the United States. He enlisted, too, without the knowledge or consent of his father, who now makes this application for his discharge. It likewise appears from the evidence of *Parley*, that he told the recruiting officer that he was not seventeen, and that he made no statement or representation that he was eighteen, nor did he take any oath to that effect. The oath of enlistment which he did take, was doubtless the one prescribed by article 10, rules and articles of war, chap. 20, approved April 10th, 1806, (2 U. S. Stat. at large, 359.) But all of this testimony in regard to the age of the minor, was objected to on the ground that all inquiry into the matter was barred, congress having made the oath of enlistment taken by the recruit conclusive upon the point. It is true that by the proviso in the second section of the act of February 13th; 1862, already referred to, congress provided that hereafter no person under the age of eighteen should be mustered into the service of the United States, and declared that the oath of enlistment taken by the recruit should be con-

clusive as to his age.  Now it is to be observed that no form of oath is given in the act, and it may be doubtful whether by "the oath of enlistment," congress referred to the usual army oath or to some sworn declaration as to the age of the recruit. If the latter, the mustering officer might well rely and act upon its correctness.   But even if it was the army oath, we can hardly believe congress intended it should be conclusive in a case like the present.  Here, the boy told the recruiting officer that he was only about seventeen years of age.   His enlistment then under such circumstances, was a gross violation of duty on the part of the recruiting officer.   Congress has never authorized the enlistment of any such persons, but has prohibited it by the strongest implication.   The government wants no such persons in the service ; at all events, it is reasonable to assume it does not, since it is provided that no person under the age of eighteen shall be mustered in.   It is doubtless supposed that persons below that age have not constitutions sufficiently matured to enable them to endure the fatigue, hardships and trials of the service.   This, as a general rule, may be so.   And until the exigencies of the country are greater than they are at present, congress will probably not authorize boys under eighteen to be mustered into the army of the United States.  .Therefore, the enlistment of this boy was wholly unauthorized, and was a fraud upon the parent and government.   The officer must have known that he had no right to enlist him, and that he was acting in violation of law.   Cases will arise where the mustering officer, acting in good faith, will be mistaken as to the age of the recruit ; the boy may mislead or deceive him in regard to his age, and represent himself to be eighteen, when he is not.   In such a case, congress might well say the oath of enlistment shall be conclusive as to the age ; and we have no doubt the provision was intended to apply to a case like that, and not to one where the officer had seduced a boy into the service, knowing that he was not of proper age.   Congress legislates upon the assumption that re

cruiting officers will do their duty, and not wilfully disregard the law; and when they are deceived or misled in respect to the age of the recruit, and mustered him into the service under the impression that he is of suitable age, the oath of enlistment may very properly be deemed conclusive upon the subject; but we do not think it was ever intended to apply to a case where the officer had seduced a boy from his home, and the control of his parents or guardian, and induced him to enlist well knowing that he was not of suitable age, and did not meet the requirements of the laws of congress.

We think the order of the commissioner discharging *Parley E. Higgins* from military control, must be affirmed.