People *v.* Forbes.

---

## THE PEOPLE *v.* FORBES.

A JUDGMENT in a criminal action that the defendant be imprisoned for a specified term, "to commence at the expiration of previous sentences," is valid and warrants the detention of the defendant for the aggregated period of all the sentences.

Judgments of inferior criminal Courts created by statute are not required to be of any different form from those of criminal Courts of general jurisdiction.

APPLICATION for *habeas corpus.*

The facts appear in the opinion.

*D. Barde,* for Petitioner.

I. The conviction and judgment were in and by a Court of Summary Proceedings, therefore in derogation of the common law, and therefore its proceedings must be strictly governed by the special statute from which its authority is derived. (*The People* v. *E. Phillips,* 1 Parker's Cr. 95 ; also see 99, last paragraph.) The Police Court is a creature of the " Consolidation Act," the

powers of which are those of a Justice of the Peace, and where not otherwise provided for, those of the Recorder's Court. (Stat. 1856, 151, Secs. 19, 20.) By that act, there is no power conferred upon the Police Court to make a term of imprisonment commence at any time in the future, neither does the statute in relation to the Recorder's Court (Wood's Dig. 156, Secs. 72–79 inclusive) give any such power. The Police Court being a Court of Summary Proceedings, its proceedings and powers must be subject to strict rules of construction. (Hurd on Habeas Corpus, 405, 406; Note from 1 Burns' Jus. 409, on last page; 1 Parker's Cr. 95, 96, 98–107.)

Admitting that Sec. 459 Criminal Practice (Wood's Dig. 306) does apply to the Police Court, the judgments of the Police Court are void, in so far as they or any of them refer to any time when the term of imprisonment shall commence. Each judgment, if to take effect at any time in the future, or after any previous judgments, must recite the previous judgments—their duration exactly—in order that the Sheriff shall know exactly by looking at the commitment what to do in every particular. The first commitment of those annexed to the Sheriff's return, it will be admitted, has been fully complied with by the defendant, and is therefore of no further force or effect. The other commitments, taken by themselves, specify no terms except those of ninety days mentioned therein, and the Sheriff has no right to look at any other judgment or commitment to ascertain his duties or see when they are to be in operation. If the judgment of the Court does not set forth the time from whence the imprisonment shall commence, it is void. *Kelly* v. *State*, 3 Smedes & Marsh. 518; referred to in Digest of Crim. Law, title " Sentence," 657; 3 T. R. 338; also, 1 Parker's Cr. bottom of 105.) The trials of the defendant were, and of necessity must be separate and distinct, each from any other, and the proceedings and records thereof, must also be separate, distinct, and complete, each in itself, or else it is wholly and absolutely void. And everything necessary to support a commitment must appear on the commitment itself, and its validity must be determined by what appears on the face, not by reference to matters *dehors.* (Hurd on Habeas Corpus, 409, 410, bottom of the page,

People v. Forbes.

also 415, third paragraph; *Rex* v. *James*, 5 B. & A. 894; *Rex* v. *Hall*, 3 Burr. 1636; *Baldwin* v. *Blackman*, 1 Id. 602; *Bracy's Case*, 1 Ld. Raym. 100.)

*N. Porter*, District Attorney, for the People.

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

The defendant is held in custody by virtue of five separate sentences passed upon him on the sixth day of September, 1862, by the Recorder's Court of the City and County of San Francisco. One adjudges that he be imprisoned for the period of ninety days. Each of the others adjudges that he be imprisoned for the period of ninety days, " said term to commence at the expiration of previous sentences." Having been imprisoned more than ninety days, he claims now to be discharged, upon the ground that the sentences to commence at the expiration of previous sentences are void, for not fixing any definite time for the commencement of the imprisonment.

As a general rule, a judgment should be certain and definite, and complete in itself, so that what it requires to be done may be known without resort to anything outside the record, yet it seems to have been a common practice in criminal Courts to enter judgments of imprisonment to commence at the expiration of sentences in other cases. (*King* v. *Wilkes*, 4 Burr, 2575; *Commonwealth* v. *Leaths*, 1 Virg. Cases, 151; *State* v. *Smith*, 5 Day, 175; *Russel* v. *Commonwealth*, 7 Serg. & Rawle, 489; *Brown* v. *Commonwealth*, 4 Rawle, 259.)

In the case of *Brown* v. *Commonwealth*, the sentence was that the defendant's imprisonment should begin " immediately after the expiration of the sentence passed upon him for the larceny of the goods of Hiram Jones." The judgment for the larceny of the goods of Hiram Jones was reversed on appeal, and it was claimed that the other judgment thereby became a nullity. But it was decided that the judgment in the one case being in force until it was reversed, the expiration of the sentence occurred upon its reversal and that the second imprisonment began from that time. In that

case, therefore, a sentence was held valid which was not only indefinite on its face, and could only be made definite by resorting to the record in another case, but in which the time of commencement of the sentence was changed by an occurrence happening in the other case after the sentence had been pronounced.

It is further objected in the case before us that the subsequent sentences do not refer to any other particular sentence, and are thus not only indefinite themselves but do not point to any certain means by which they may be made definite, or by which the time of the commencement of the imprisonment can be ascertained. We have not found any case in which the sentence was in the general language used in this case, to wit: " Said term to commence at the expiration of previous sentences." In the State of New York it is provided by statute, that in case of two or more convictions before sentence on either, the term of imprisonment upon the second or subsequent conviction shall commence at the termination of the previous term of imprisonment. (2 Rev. St. of N. Y. 700.) In regard to this provision, the revisers say it is " generally declared in the sentence, but as it may be omitted it is deemed useful to provide for it by law." It would seem that under this statute, in that State, if, in the case of two or more convictions, the sentences should be in terms simply for a specified time of imprisonment, saying nothing as to the time of its commencement or as to any former conviction, the term of the second imprisonment would commence at the termination of the first. The effect of this is that under a commitment on such a second judgment the officer would justify the imprisonment of the defendant by showing that the term of imprisonment did not commence at the date of the judgment or commitment in consequence of the existence of a prior judgment, but which was not mentioned in the second. We have no statute of exactly the same import in our State, but we may deduce the inference from the enactment of such a statute in New York upon the recommendation of a commission of eminent and experienced jurists, that it is not an anomaly in criminal proceedings that the time of commencement of a term of imprisonment should depend upon the existence of other judgments not specified and to be ascertained only by referring to the records of the Court. If a judg-

ment is valid, as in the case of *Brown* v. *Commonwealth*, above cited, which requires an examination of the records of the Court in another specified case to fix the commencement of the term of imprisonment, we can see no reason why a judgment should not be valid in which the commencement of the term of imprisonment is to be fixed by ascertaining by reference to the records of the Court the termination of the terms of imprisonment of any prior sentences that may have been imposed upon the same defendant.

We do not think the question is affected by the circumstance that the sentences in this case were pronounced by a Court created by statute, and of a limited and inferior jurisdiction. The statute creating the Court does not, we believe, prescribe what shall be the form of its judgments in this particular. The Court may render its judgments in cases within its jurisdiction in the usual form of judgments of criminal Courts under similar circumstances.

The case is not clear of embarrassment, but we think the judgment may be sustained under the settled practice in analogous cases.

The prisoner must, therefore, be remanded.