### Petition of McCormick for a *Habeas Corpus*.

Where a person has been convicted of several distinct offenses, the court may proceed to give judgment upon each, and in so doing may direct that the term of imprisonment for one shall commence at the expiration of that for another, and so on until all the terms have expired.

Dixon, C. J. At the November term, 1865, of the circuit court for the county of Outagamie, the petitioner was tried and convicted upon three several indictments for larceny : the first, for stealing two oxen, the property of one Christian Juchemon ; the second, two oxen, the property of one Richmond Pierson ; and the third, a horse, buggy and harness, belonging to one Lot Townsend. At a subsequent day in the same term, namely, on the 9th of December, 1865, three separate sentences were passed upon him by the court: the first, of imprisonment in the state prison for the period of one year, for the larceny of the oxen of Christian Juchemon ; the second, of a like imprisonment for stealing the oxen of Richmond Pierson, "the said term to commence at the expiration of his imprisonment for the larceny of the two oxen, the property of Christian Juchemon ;" and the third, of imprisonment in the state prison for the term of three years for stealing the horse, buggy and harness of Lot Townsend, "said term to commence at the expiration of the term of imprisonment for the larceny of the two oxen, the property of Richmond Pierson." The petitioner is now confined in the state prison by virtue of those sentences,

and files his petition, praying that a writ of *habeas corpus* may issue, and that he may be discharged, for the reason that separate sentences, one to succeed another, each after the first, commencing at the expiration of that which precedes it, cannot be lawfully pronounced. The writ is prayed, and the discharge of the prisoner sought, upon this sole ground; the position assumed in this behalf being, as we understand it, that no sentence of imprisonment can be pronounced to commence at a future day, and consequently that all the sentences took effect at the same time, and ran on together, so that the petitioner's lawful term of imprisonment expired at the end of three years, that being the longest period prescribed by any one of the sentences. This being the only question presented upon the petition, we have been induced to look into the authorities with regard to it; and finding, as we do, that they are all clearly against the petitioner, we have concluded that his prayer for the writ must be denied. It has long been well settled, in cases of this kind, where the prisoner has been convicted of several distinct offenses, that the court may give judgment upon each one of them, and, in doing so, may lawfully direct that the term of imprisonment for one shall commence at the expiration of that for another, and so on, until all the terms have expired. *Rex v. Wilkes*, 4 Burrows, 2527; *Commonwealth v. Leaths*, 1 Virg. Cases, 151; *State v. Smith*, 5 Day, 175; *Russell v. Commonwealth*, 7 Serg. & Rawle, 489; *Brown v. Commonwealth*, 4 Rawle, 259; *People v. Forbes*, 22 Cal. 135.

It appearing, therefore, upon the facts set forth in the petition, that the petitioner is lawfully detained in custody, and that he could not be discharged were the writ of *habeas corpus* to issue, it follows that the writ should be denied. *In re Gregg*, 15 Wis. 479; *In re Griner et al.*, 16 id. 423, and authorities there cited.

*By the Court.* — Writ denied.