# ALASKA REPORTS.

## VOLUME 1.

In re JESSE SCOTT OLIVER, Minor.

(Sitka.   October 31, 1887.)

No. 95.

1. ARMY AND NAVY—ENLISTMENT—HABEAS CORPUS—INFANTS.
   A minor over eighteen and under twenty-one years of age may
   enter into a binding contract of enlistment in the navy, and will
   not for that reason alone be discharged on habeas corpus.

Petition for Habeas Corpus.   Denied.

W. Clark, for petitioner.
A. McCracken, contra.

DAWSON, District Judge.   Petitioner, by his guardian
ad litem, sets forth that he is unlawfully restrained of his lib-
erty by Lieutenant Commander J. S. Newell, naval officer in
charge at this station, and in command of the United States
steamer and man-of-war Pinta.   He states that he was en-
listed into the United States navy before he had attained his
majority, and claims that the contract of enlistment is void-
able, and that he is entitled to his discharge.

The contract of enlistment in this case, which is similar to
all contracts of enlistment in the United States navy, sets

forth that petitioner was enlisted on the 8th day of July, 1886, at Mare Island, Cal., to serve as a common seaman for 3 years; that he was at the time of his enlistment 18 years and 7 months old, and that the consent of his parents or guardian had not been obtained. A writ of habeas corpus was issued, made returnable on October 29, 1887, at which time the defendant made return to the suit, embodying substantially the contract of enlistment, and producing the body of Scott Oliver in court. The only evidence in the case is the written contract of enlistment, signed by the petitioner, in which he states his age to be 18 years and 7 months. The question presented is, can a minor over 18 years of age bind himself by a contract of enlistment in the United States navy, without the consent of his parents or guardian?

Section 1418, Rev. St. [U. S. Comp. St. 1901, p. 1007], provides that "boys between the ages of sixteen and eighteen years may be enlisted to serve in the navy until they shall arrive at the age of twenty-one years; other persons may be enlisted to serve for a period not exceeding five years, unless sooner discharged by direction of the President."

Again, section 1419 [U. S. Comp. St. 1901, p. 1007], provides that "minors between the age of sixteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardian." The sections quoted were enacted by Congress in March, 1837, and have been carried forward in the various revisions of the statute since that time.

By an act of Congress approved May 12, 1879 (21 Stat. 3, c. 5), it is provided that no minor under the age of 15 years shall be enlisted in the naval service. Supplement to Rev. St. vol. 1, p. 484 [U. S. Comp. St. 1901, pp. 1007, 1008]. During the session of Congress of 1881 the former sections in relation to enlistments of minors were again amended as follows:

"That sections fourteen hundred and eighteen, fourteen hundred and nineteen, fourteen hundred and twenty, as heretofore amended, relating to enlistment of minors in the naval service, be and hereby are amended by striking out the word 'fifteen' and inserting in its stead the word 'fourteen.' "

This act was approved on the 23d day of February, 1881 (21 Stat. 338, c. 73). See Rev. St. Supp. p. 595 [U. S. Comp. St. 1901, pp. 1007, 1008]. From these amendments it is quite clear the Congress intended no change as to the right of a minor over the age of 18 years to bind himself by a contract of enlistment. It will be observed that there is a difference in the matter of legal enlistments in the army and in the navy in regard to age. Section 1117, Rev. St. [U. S. Comp. St. 1901, p. 813], in relation to enlistments in the army, forbids the enlistment of any person under the age of 21 years, without the consent of his parents or guardian.

Counsel seems to confound the two provisions, or rather to lose sight of the clear distinction, in the law. The rules of the common law that infants may repudiate their contracts after attaining their majority, except where beneficial —as when made for supplying the necessities of life and the like—can have no application to a contract of this nature. It is unlike a contract between private parties. It is an agreement to serve the government, for a period determined by the law, until the minor shall have attained his majority. The government is entitled, by virtue of its sovereignty, to require the services of any or all of its able-bodied citizens, of whatever age, in cases of public exigency. This right, being exercised for the common good, must be regarded as paramount to all individual claims.

It is a part of the law of public policy that neither the rights at common law of the minor contractor nor those of his parent, guardian, or master shall be asserted against the United States, except when expressly recognized by exist-

ing statute. The right of the parent, or other person in loco parentis, to object to the enlistment of a minor in the navy, is clearly limited to cases where the minor is but 18 years of age. If he is above that age, and under 21 years of age, he can bind himself by enlisting until he attains his majority, at which time his term expires by operation of law, and at which time the law recognizes his right to choose his vocation and pursue it. This is manifestly the meaning of the law, else adult persons enlisting would not be required to enlist to serve for a period of five years. It has been held on very high authority that enlistments in the navy, though made without consent of the parent or guardian, are binding, and the minor cannot avoid them. See U. S. v. Bainbridge, 1 Mason, 71, Fed. Cas. No. 14,497; U. S. v. Blakeney, 3 Grat. 405.

But it is otherwise as to enlistments in the army. The distinction is clearly made in the statute, and has been sustained by the courts. See U. S. v. Bainbridge, 1 Mason, 71, Fed. Cas. No. 14,497; Commonwealth v. Harrison, 11 Mass. 63; Com. v. Cushing, 11 Mass. 67, 6 Am. Dec. 156.

In this case it is not disputed that the petitioner signed his name to the contract of enlistment, and represented his age to be 18 years and 7 months. In certain cases, and under certain circumstances, the law of estoppel will apply to minors. That a minor is responsible in damages for his torts and frauds is well settled in the law. If he falsely represents his age for the purpose of inducing another person to contract with him, he is estopped from afterwards denying it. See Bigelow on Estoppel, pp. 486, 487.

It follows that the prayer of the petitioner must be denied, and that he be remanded to the custody of Lieutenant Commander Newell and his successors until he is 21 years of age, unless discharged for some other cause; and it is so ordered.