Burket, J.
The latter part of section 7325, Revised Statutes, provides that “if any convict escape from the penitentiary, * * * * no part of the time such convict is absent shall be counted as a part of the time for which such convict was sentenced.”
The plaintiff in error claims, that as his sentence in Cuyahoga county was not made to begin in the future, that,his imprisonment under that sentence began at once upon his arrival at the penitentiary, and that by virtue of the above section, his imprisonment, under the Warren county sentence, ag’ain began to run immediately upon his return to the penitentiary, so that-both sentences were being served at the same time, and that upon the expiration of the longer sentence, he was entitled to his discharge from both sentences. There was no attempt to invoke the doctrine of cumulative sentences, and the prisoner was sentenced to five years without knowledge on part of the court, that he was an escaped convict.
•As we have no statute authorizing cumulative sentences for crime, it would seem at first blush, that such sentences should not be permitted in *255 this state; hut this court, with the courts of most of the other states, as well as England, has sustained cumulative sentences without the aid of a statute. Williams v. State, 18 Ohio St., 46; Picket v. State, 22 Ohio St., 405; Larney v. Cleveland, 34 Ohio St., 599; Bishop’s Criminal Law, section 953; Rex v. Wilkes, 4 Burr., 2575; State v. Smith, 5 Day (Conn.), 175; Fitzpatrick v. People, 98 Ill., 269; Mims v. State, 26 Minn., 498; Mills v. Com., 13 Pa. St., 631; Russell v. Com., 7 S. & R. (Pa.), 489; Petition of McCormick, 24 Wis., 492; Kite v. Com., 11 Met. 581. In Texas, Indiana and Kentucky, the courts hold cumulative sentences unauthorized. In Indiana there is a statute to the effect, that the term of service shall commence on the day of conviction and sentence, See Kennedy v. Howard, 74 Ind., 87; Prince v. State, 44 Tex., 480; Hannahan v. State, 7 Tex. App., 664, and Baker v. State, 11 Tex. App., 262, and James v. Ward, 2 Met. (Ky.), 271.
The great weight of authority is m favor of cumulative sentences, and they should be upheld on principle. The severe punishments which induced judges to invent technicalities to aid the acquittal of those on trial, on criminal charges, no longer exist, and under our just and humane statutes, those who violate the law should be duly punished for each offense. Tilgham, C. J., in Russell v. The Commonwealth, 7 S. & R. 489, well says: “But to consider the thing on principle; where a man has been sentenced to imprisonment for one offense, and is afterward convicted of another, what can be so proper as to make his imprisonment for the second offense, commence at the expiration of the first imprisonment. Would it not be absurd, to make one imprisonment, a pun *256 ishment for two offenses? Nay the absurdity does not end there, for unless imprisonment for the last offense is to begin where the imprisonment for the first ends, it would be impossible, under our system, to punish the offender, in certain cases, for the last offense, at all.”
But as there was no attempt to impose a cumulative sentence in this case, it might be said that, the doctrine of the cumulative sentences is not involved in this case. It has been argued at length and in one phase of the ease it is pertinent.
Had the court known that the prisoner on trial was the escaped convict, Henderson, the court might, on proper proof of that fact, have sentenced him to five years service in the penitentiary, and ordered him to be delivered to the warden, and fixed his term of service to begin at the expiration of the Warren county sentence. The power of the court to do this, in the absence of any statute, seems clear from the cases above cited.
Again, had the court known that the prisoner under indictment in Cuyahoga county, was the escaped convict Henderson, the warden of the penitentiary might have been notified and the convict returned to the penitentiary to serve out his Warren county sentence. Being then in the penitentiary under a sentence from one county and under indictment for another crime in another county, section 7234, Revised Statutes, would have been applicable, and under that section he could have been taken from the penitentiary to Cuyahoga county, and tried under the indictment pending against him there, and upon conviction he could have been sentenced to the penitentiary, and returned thereto under section 7238, Revised Stat *257 utes, to serve out the full term of both sentences. Sections 7234 and 7238, are as follows :
“7234. A convict in the penitentiary who escaped or forfeited his recognizance before receiving sentence for a felony of which he was convicted, or against whom an indictment for felony is pending, may be removed to the county in which such conviction was had, or such indictment is pending, for sentence or trial, upon the warrant of the court of such countjr; but this section shall not extend to the removal of a convict for life, except the sentence to be imposed, or the indictment pending against him, is for murder in the first degree. ’ ’
“7238. If such convict be acquitted, he shall be forthwith returned by the sheriff to the penitentiary, there to serve out the remainder of bis term; but if he be sentenced to imprisonment in the penitentiary, he shall forthwith be returned thereto by the sheriff, and his term of imprisonment thereon shall begin' to run from the expiration of the term for which he was imprisoned at his removal; or, if he be sentenced to death, such sentence shall be executed as if he were not under sentence of imprisonment in the penitentiary.”
These two sections clearly show the legislative intent, that convicts shall serve out one sentence for each offense of which they are convicted and sentenced. It is therefore clear, from these two sections, and the decisions of this court sustaining cumulative sentences, that the service under the Cuyahoga county sentence, could apply on that sentence only, and that after having- served out that sentence, he still remained an escaped convict under the Warren county sentence, subject to be held to serve out the remainder of that sentence.
*258 As he concealed his true name and identity, and was sentenced by the name of Scott, his term to begin in praesenH, the warden was bound to receive and treat him as designated in the record, and even had the warden recognized him at first sight, as being the escaped convict Henderson, he would have been powerless to treat him as such, so long as the sentence from Cuyahoga county remained in force and unsatisfied. Both the warden and the prisoner were conclusively bound by the ■record and sentence in that case.
While for many purposes there is nothing in a mere name, yet for many other purposes a name is Very important. The plea of abatement by reason of a wrong name, and the disclosure of a true name, is a very valuable protection to the prisoner, as in case of a second prosecution for the same crime, he can’ with more force invoke the record of the first case in support of his plea of former acquittal or conviction. Lasure v. State, 16 Ohio St., 51.
In Mead v. State, 26 Ohio St., 505, the judgment was reversed on the ground that Elisha Davidson' and Elijah B. Davidson are different names, and that the description of a person by one of these names, is not supported by proof of a person bearing the other name.
A person allowing himself to be tried and convicted by the name mentioned in the indictment, is for the purpose of serving out the sentence under such conviction, conclusively held to be the person bearing such name, and he cannot lawfully gain any advantage by concealing his true name and identity. He may take *his chances, as did the plaintiff in error, and if he succeeds, well and good for him; but should his identity and true name be *259 discovered before his discharge, he would be liable to be held as an escaped convict to serve out his old sentence.
The warden, therefore, was right in holding the prisoner to serve out the remainder of his Warren county sentence.
In the next place it is claimed, that having been ordered discharged by the court of common pleas on habeas corpus, that such order is conclusive, and cannot be reviewed or reversed by a higher court.
A proceeding in habeas corpus is essentially a civil, and not a criminal proceeding. In ex parte Tom Tong, 108 U. S., 556, Chief Justice Waite uses this language on page 559:
“The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case-the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding, in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. * * " The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * * *260 Such a proceeding on his part is, in our opinion, a civil proceeding-, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution. ’ ’
When the code of civil procedure was first adopted, section 604. contained the provision, that until the legislature should otherwise provide, the code should not affect proceedings on habeas corpus; but it contained the further provision that such proceeding’s might be prosecuted under the code, whenever applicable; thus clearly recognizing such proceedings as a civil remedy.
By the revision of 1880, the legislature did otherwise provide, and habeas corpus became a part of the civil procedure statute, being Chapter VIII, of title one, division1 seven; and it is classed with actions for dower, partition, real actions, replevin, rights and remedies of sureties, contest of wills, and some other actions.
That judgments and final orders in the actions just named, and with which habeas corpus is classed can be reviewed and reversed by a higher court, is too clear for argument. That the same can be done in habeas corpus is settled by section 5751, Revised Statutes, which provides, that the proceedings upon a writ of habeas corpus, may be reviewed on error as in other cases. This court, in the ease of Wilcox v. Nolze, 34 Ohio St., 520, entertained a petition in error to review a proceeding on habeas corpus when the plaintiff below had been discharged by the lower court.
It is therefore clear that the rule found in some cases to the effect that a discharge on habeas corpus being in favor of personal liberty, must be regarded as final and conclusive, and not subject to review or reversal on error, does not prevail in this state.
*261 It is also claimed that section 6725, does not apply to a judgment of discharge on habeas corpus. That section provides:
“Execution of a judgment or a final order, other than those enumerated in this chapter, of any judicial tribunal, or the levy or collection of any tax or assessment therein litigated, may be stayed on such terms as may be prescribed by the court in which the petition in error is filed, or by a judge thereof.”
Because the circuit court stayed the execution of the judgment or final order of discharge without fixing any terms, other than the simple stay, it is claimed that the above section is not applicable to such ease, and that there can be no stay, except on such terms as may be prescribed by the court. The answer to this is that the court has ample power to stay the execution of the judgment or final order, and it may grant the stay upon such terms as it sees fit, and if in the opinion of the court no other terms than the stay itself are required, the stay may be so granted. In the case at bar, while no terms were prescribed in the order of stay, in fact the prisoner remained in the custody of the warden until the hearing of the petition in error. The order of stay might well have been upon the terms that the warden safely keep the prisoner until the final hearing.
We think, therefore, that section 6725 is applicable to a stay in habeas corpus proceedings.
We find no error in the record, and the judgment of the circuit court is therefore affirmed.