MARTIN REDWAY
*vs.*
RALPH H. WALKER, WARDEN

Superior Court         Hartford County         File No. 71975

MEMORANDUM FILED JANUARY 5, 1945

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.

*Arthur T. Gorman,* Asst. State's Attorney, of New Haven, for the Defendant.

O'SULLIVAN, J.   The plaintiff, an inmate of the state prison, obtained a writ of habeas corpus, following a petition alleging that he was illegally confined.   At the hearing, these facts were developed: On September 21, 1939, Redway was convicted of burglary and sentenced to serve in the state prison a term of not less than two nor more than five years.   On May 23, 1941, he became a parolee and while occupying that status, committed another crime for which, after conviction, he was sentenced on January 6, 1942, to serve in prison a term of not less than one nor more than three years.   Although the presiding judge was aware of the fact that his first sentence had not been completely served, he made no order as to the time when the sentence was to go into effect.   Two days later Redway was returned to the State Prison where he has ever since been held.

Redway's basic claim is that the second sentence ran concurrently with the first, in the absence, as here, of an order that the second sentence should begin at the expiration of the first, and if this condition is correct, he is entitled to his discharge, because he has served longer than the maximum period under which he might be confined by reason of the first as well as the second sentence.

Section 6507 of the General Statutes, Revision of 1930, permits the accumulation of state prison sentences when ordered by the court.   Even without such authority, the court has inherent power to make sentences consecutive in time.   *State vs. Smith,* 5 Day 175, 179.

But the law is perfectly clear that where a person is under sentence for a crime and, for another offense, is sentenced to the same institution as that involved in the other sentence, the sentences ordinarily run concurrently unless the court imposing the second sentence orders to the contrary or unless a statutory mandate requires otherwise.   *Zerbst vs. Lyman,* 255 Fed. 609; Anno. 5 A.L.R. 380.   This principle holds true even when the sentences are in different courts of the same jurisdiction.   *Dickerson vs. Perkins,* 182 Iowa 871, 166 N.W. 293.

Inasmuch as the second sentence failed to express that the two were to run consecutively, it follows that they were to be served concurrently. However, the defendant warden relies, for justification in retaining the prisoner, upon a vote of the board of parole taken under these circumstances. When Redway was apprehended for the second offense, the board revoked his parole and, subsequent to his later conviction, voted that he should serve the unexpired balance of his first sentence upon the expiration of his second. This entails a consideration of the board's power to make such a vote legally effective.

When Redway was convicted for the second offense, the presiding judge, if he concluded that a sentence to the state prison was proper, had one of two available alternatives; (a) he could have imposed a sentence, let us say, of one to three years, which Redway was to serve concurrently with the un-expired balance of his first sentence, or (b) he could have im-posed a sentence, let us say, of a similar term, and in order to prevent his being served concurrently with the balance of the first sentence, could have ordered that it should commence at the expiration of the first sentence. In other words, he could have made the sentence effective as of a date in the future. *State vs. Smith, supra.* This was the only method by which the imposition of a consecutive sentence was legally possible, or, to express myself differently, the judge could not legally have ordered that it should begin *before* the balance of the first sentence was served, becaues that would, in effect, be a deliberate modification of a prior judgment. The former judgment directed service in the prison, not *in futuro,* but at once. In and of itself, the passage of the term when the first sentence was rendered was a legal bar to any contemplated action of the presiding judge to order his sentence to operate before the other. If he had attempted to do so, he would have modified the prior judgment with respect to the time a portion of it was to go into effect.

In the light of the foregoing, the vote of the board was a nullity for two reasons: first, the vote purports to modify the judgment of the first sentence, which, as pointed out, even the Superior Court, with its great judicial power, was im-potent to do, and secondly, the vote attempts to nullify the judgment of the Superior Court entered on the second sen-tence. Whether it was intentional on the part of the presid-

ing judge or an oversight is now of no moment. The second sentence was for one to three years and under the law that sentence was to be served concurrently with the other. We must assume the judge so intended. How long a convict is to serve is a judicial matter and one for the court to determine, subject only to the power of the parole board to parole him, in its discretion, before that sentence is fully served. To uphold the vote of the board would be to thwart what the presiding judge had ordered. The vote could not alter two judgments of this court and in attempting to do so, the board exceeded its authority.

This conclusion is not contrary to *Glazier vs. Reed*, 116 Conn. 136. Glazier had been sentenced to the reformatory for an indefinite term. After serving eighteen months of a possible five year statutory maximum, he was paroled. Three months later he was tried for the commission of a felony and, upon conviction, was sentenced to the state prison for not less than one year nor more than three. After his prison sentence had begun, the directors of the reformatory voted that he be transferred to the state prison to serve the balance of his reformatory sentence, "said sentence to take effect from and after the expiration of the one he is now serving." One of the issues raised in his subsequent application for a discharge under a writ of habeas corpus concerned the extent of the power of the directors to pass the vote they did, it being Glazier's claim that they used power judicial in nature and hence, beyond the authority of an executive agency. This claim was held ill-founded, on the theory that Glazier's sentence to the reformatory had incorporated in it, as an integral part, all existent statutory provisions, one of which was that the directors were empowered to order his transfer to the state prison, should it appear to them that he was incorrigible. Indeed, this was the very thing that happened, and inasmuch as the directors might have waited until he had finished serving his prison sentence and then, after retaking him, transferred him to the prison to serve the balance of his reformatory sentence, they were justified in voting as they did because the vote was a present order to transfer in the future, a power which they enjoyed.

But the *Glazier* case involved sentences to two separate institutions, while the instant case is concerned with but one. When Glazier was sentenced to prison, the sentence was not

to run concurrently, as in Redway's case. The vote of the directors of the reformatory did not modify the court's sentence either to the reformatory or the prison. As to the former, the existing statutory provision authorizing the transfer was an integral part of the sentence; as to the latter, the vote affected it in no manner whatsoever.

Accordingly, I conclude that Redway is illegally confined by the warden of the state prison and that he is entitled to be discharged.