ANDERSON PRINCE v. THE STATE.

1. BURGLARY.—It is not error, on a trial for burglary, to instruct the jury that the recent unexplained possession of property taken from the house is a fact to be considered by the jury with the other facts and circumstances to enable them to determine the question of guilt or innocence of the accused.
2. CUMULATIVE PUNISHMENT.—Under the code there is no authority in the District Court to fix the commencement of a term in the penitentiary at the expiration of another term.
3. TERM OF PUNISHMENT must begin from the date of the sentence; and a judgment otherwise will be corrected on appeal upon the original verdict.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

Prince was indicted for burglary in breaking into Bob Johnson's smoke-house with intent to steal, &c.

On the trial it was proved that on the night of 26th March, 1875, Johnson's smoke-house had been entered, the door lifted from its hinges, and about 150 pounds of bacon stolen. Tracks were seen next morning in the smoke-house, and which were followed in the direction of and to within five hundred yards of Prince's residence. Fifteen days after the theft a search-warrant was procured and bacon found in the possession of the accused which was identified by Johnson as his, and as having been taken from the smoke-house.

A witness testified that Prince requested him to swear that he had seen him (Prince) purchase the bacon. This was after defendant had been accused of the theft.

The charge of the court appears in the opinion.

The defendant was found guilty and his punishment fixed at two years' confinement in the penitentiary.

Upon the appeal the court ordered that the execution of the punishment, if the judgment should be affirmed on appeal, should begin at the expiration of a term of two years, to which defendant had been sentenced in a certain other case for theft from a house.

No brief for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The appellant complains that the court erred in the instructions given to the jury and for refusing to give the instructions asked by appellant. Appellant asked two charges ; one of them was given and the other was refused, and in place of it another charge was given by the court, as stated in the bill of exceptions. The charge asked and refused was, in substance, that possession of stolen goods, without other evidence of guilt, is not to be

regarded as presumptive evidence of burglary.  The court charged the jury, in substance, that if the defendant was found in possession of property which was stolen from the house, and his possession was recently after the theft, and that he failed to give a reasonable account of his possession, they might take these facts into consideration with all other facts and circumstances in evidence to enable them to determine whether the defendant was guilty or not of the offense with which he was charged.  The instructions, taken as a whole, are as favorable to the defendant as he had any right to expect, in view of the evidence in the case.

It is further assigned for error that the court erred in overruling the defendant's motion for a new trial.  The ground of the motion for a new trial, in addition to the grounds already noticed, is that the verdict of the jury is contrary to the law and the evidence.  Without discussing this assignment, we think the evidence fully supports the verdict of guilty, as found by the jury. ·

It is further assigned for error that the sentence of the court is erroneous, in that it is cumulative and to be carried into effect in the future.  The character and force of this objection will more fully appear from the following entry in the judgment of the court: "It further appearing to this court that at this term of the court the said defendant, Anderson Prince, has been tried and convicted of the offense of theft from a house, under indictment No. 1522 on the docket of Victoria county, and for which he has been sentenced to be imprisoned in the State penitentiary for a term of two years, it is ordered by the court that at the expiration of the last said term of imprisonment, and in case the judgment in this cause No. 1521 shall be affirmed by the Supreme Court of Texas, to which the defendant has appealed, then the sentence in this cause, after the execution of the sentence in cause No. 1522, shall be carried into execution."

Courts of the highest authority have differed on the ques-

tion as to whether one term of imprisonment was to commence on the termination of the punishment on another charge, or whether the terms should commence from the judgment and sentence of conviction and run concurrently. The former is maintained in the States of Connecticut, Pennsylvania, Massachusetts, and California, and perhaps other States. (State *v.* Smith, 5 Day, 175 ; Mills *v.* The Commonwealth, 13 Penn., (State,) 631 ; Kite *v.* The Commonwealth, 11 Met., (Mass.,) 581 ; The People *v.* Forbes, 22 Cal., 135.)

On the contrary, it was held by the Supreme Court of Indiana, in the case of Miller, Warden of the State Prison, *v.* Allen, 11 Ind., 389, that, in the absence of a statutory provision authorizing it to be done, the court had no power to order a term of imprisonment in the penitentiary to commence at a future period of time.

The revised statutes of New York, as cited by the Supreme Court of California in the case of The People *v.* Forbes, 22 Cal., 135, provide that, in case of two or more convictions before sentence on either, the term of imprisonment upon the second or subsequent conviction shall commence at the termination of the previous term of imprisonment. The criminal code of Kentucky contains substantially the same provision. Before the Kentucky code was adopted the court of appeals of that State held that the court had no power, independently of a statute, to make one term of imprisonment commence at the expiration of another. (James *v.* Ward, Keeper of the State Penitentiary, 2 Met., (Ky.,) 271.) The court, referring to cases at common law, where the prisoner was sentenced to several terms of imprisonment, one to commence after the conclusion of the others, said: "But it may be remarked that in all these cases the punishment by imprisonment was, by law, at the discretion of the court. The time that the prisoner was to be confined was not determined by the jury, but upon his being found guilty of the offense contained in the indictment, his pun-

ishment was discretionary with the court and the term of his imprisonment was fixed by it. The court, having the power to prescribe the length of time the imprisonment was to continue, might sentence the prisoner to several terms of imprisonment in succession, (where he was charged with several offenses,) because it could inflict the same amount of punishment upon him in each case separately,'' referring to the case of Rex v. Wilkes, 4 Burrows, 325.

We think the correct rule was enunciated by the courts of Indiana and Kentucky in the cases referred to. The Criminal Code of Texas makes no provisions authorizing the court to accumulate the terms of imprisonment in cases like the present. It is not shown that there was any connection between the theft as charged in indictment No. 1522 and the burglary as charged in indictment No. 1521. The code provides that the jury shall assess the punishment in all cases where it is not fixed by law. The judgment and sentence of the court have reference to the punishment as assessed by the jury, and the prisoner is conveyed to the penitentiary immediately after final sentence to undergo his punishment.

We are of opinion that the court erred in directing that the sentence in this case should be carried into execution after the expiration of the term of imprisonment in case No. 1522. This entry will not require a reversal of the judgment, but it may be reformed and corrected by the Supreme Court as provided by article 3208, Paschal's Dig. It is therefore ordered that the entry of the judgment in this case be so reformed and corrected as that the period of imprisonment, to wit, two years, as fixed by the jury, shall commence from the judgment and sentence of conviction in this case, and not from the expiration of the term of imprisonment in case No. 1522, as ordered by the District Court in the entry of the judgment.

The judgment is reformed and corrected accordingly.

REFORMED AND CORRECTED.