## HENRY SHUMAKER *v.* THE STATE.

CUMULATIVE SENTENCES.— If, upon the conviction of th e same defend-
ant at the same term of court for more than one offense, the punish-
ment assessed in each conviction be confinement in the penitentiary,
judgment and sentence shall be rendered and pronounced in each
case as though there had been but that one conviction, but the judg-
ment in the second or a subsequent conviction shall be that the pun-
ishment shall begin only when that adjudged in the preceding case
has ceased to operate. The rule laid down in *Prince* v. *The State,*
44 Texas, 480, has been superseded by the Revised Code of Criminal
Procedure, art. 800.

APPEAL from the District Court of Dallas. Tried below
before the Hon. G. N. ALDREDGE.

The conviction was for the theft of a horse, and the
punishment assessed by the jury was fifteen years in the
penitentiary. The opinion discloses the single question
involved in the appeal.

No brief for the appellant.

*Horace Chilton,* Assistant Attorney General, for the
State.

WINKLER, J. In *Prince* v. *The State,* decided in 1876
[44 Texas, 480], it was held that under the Code there is
no authority in the District Court to fix the commence-
ment of a term in the penitentiary at the expiration of
another term, and that the term of punishment must
begin from the date of the sentence. The ruling in
Prince's case is no longer the law in Texas. Since that
case was decided, the statute law has been changed, and
now is that, "where the same defendant has been con-
victed in two or more cases at the same term of the court,
and the punishment assessed in each case is confinement
in the penitentiary for a term of years, judgment and
sentence shall be rendered and pronounced in each case

in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, and the sentence and execution thereof shall be accordingly." Revised Code Crim. Proc. art. 800.

Under this provision of the Code it was competent and proper for the judge to direct that the sentence in this case should commence to run when the sentence in a former case tried at the same term of the court had ceased to operate. This appeal is apparently from the sentence; at any rate not until after the sentence had been pronounced. There was no motion for a new trial, nor is there in the transcript any statement of facts or bill of exceptions. No errors have been assigned, and none are perceived on a careful examination of the record. The judgment of the District Court is affirmed.

*Affirmed.*