## Wiley Baker *v.* The State.

1. Theft — Evidence.— Indictment laid the possession of the animal alleged to have been stolen in M. M. A. as administrator of J. T. A., deceased. In his evidence, the administrator claimed his right of possession under the inventory of the property of the estate of the deceased, filed April 15, 1878. The defendant to meet this evidence proposed to introduce the inventory and appraisement, which, upon objection by the State, was excluded. *Held,* error.

2. Same.— See the opinion for evidence, held insufficient to support a verdict of theft of a mare.

3. Cumulative Punishments were not in vogue prior to the adoption of the Revised Codes, and cannot now be assessed for offenses committed prior to the adoption of that Code. Such a construction would make the provision of the Revised Code of Procedure (article 800) an *ex post facto* and unconstitutional enactment.

Appeal from the District Court of Hunt. Tried below before the Hon. G. J. Clark.

Being convicted under an indictment for the theft of a mare, the defendant was awarded a term of seven years in the penitentiary, to begin when an antecedent term expired.

The opinion sufficiently discloses the case.

*E. B. Perkins,* for appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.   Possession of the animal charged to have been stolen was laid by the indictment in "one M. M. Arnold as administrator of the estate of John T. Arnold, deceased, and who was holding the same as such administrator."   The theft was alleged to have been committed on the 10th day of June, A. D. 1879.

M. M. Arnold, when upon the stand as a witness for the State, testified: "I hold the filly as the property of the estate of John T. Arnold, deceased, and rendered in the inventory of the property of said estate that was filed in the clerk's office of Hunt county on the 15th April, 1878.   The filly is described in the inventory as a young colt."   When the animal was found, after defendant had sold her, she was identified as the property of the estate of John T. Arnold by one Atkinson; and M. M. Arnold, the administrator, after she was thus identified, says: "I took her home and branded her with the figures 11, turned her out, and she went back to her range."

Defendant claimed that the animal belonged to and that he had taken it as the property of his mother, Mrs. Baker.   To negative the ownership of Arnold's estate, defendant proposed to introduce the inventory and appraisement of the said estate, which had been testified about by M. M. Arnold, the administrator.   On objection by the prosecution, the court excluded, or, rather, refused to allow, the inventory to be introduced.   This was mani-

festly error.  As we have seen above, the administrator claimed to hold the animal alone by virtue of the inventory.  Defendant most clearly had the right to show, if he could, that the claim was not sustained or supported by the inventory.

Again: we are not satisfied with the sufficiency of the evidence to support the verdict and judgment.  Thomas Stewart testified: "I was the father-in-law of John T. Arnold, deceased; his wife is my daughter.  I knew the John T. Arnold stock, and knew all of them except some that were lost, that he owned in partnership with another party.  I knew the gray mare that he owned, and all the colts.  I helped John T. Arnold to brand his horses in the spring of 1877.  We drove them all up off the range *and branded all of them*.  I knew the bunch that ran near Nat Parker's.  There was none of them that we did not brand in the spring of 1877."  Now, if this witness is not mistaken, the animal in question could not have belonged to the estate of Arnold, because she was unbranded when the administrator got her, and he tells us he branded her in the 11 brand himself, before turning her upon the range.

Another error committed by the court was in rendering judgment that the punishment assessed in this case was to commence at the expiration of a former judgment and sentence that had been rendered against defendant. The offense for which defendant was being prosecuted in this case was charged to have been committed on the 10th day of June, 1879, before the Revised Codes went into operation.  The Revised Code of Criminal Procedure, art. 800, provides, it is true, that cumulative terms in the penitentiary adjudged at the same term of court shall be so tacked that each subsequent term shall begin at the expiration of the preceding one.  But the application of this provision to offenses prior to the Revised Codes is error, because, being more onerous than the pre-existing

law, it would be *ex post facto* if enforced for "antecedent offenses."   *Hannahan* v. *State,* 7 Texas Ct. App. 664; *Prince* v. *State,* 44 Texas, 480.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*