Gary Wayne GOODWILL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 188–82, 189–82 and 190–82.

Court of Criminal Appeals of Texas, En Banc.

May 19, 1982.

James A. DeLee, Port Arthur, for appellant.

James S. McGrath, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

TEAGUE, Judge, dissenting.

The instant case presents a question of the permissibility of an order of cumulation of sentences that has not been considered since promulgation of the 1965 Code of Criminal Procedure. In my view, the Court of Appeals erroneously relied upon a case decided under a prior statute, and because the wording of the present Code is significantly different, it reached the wrong result. I would grant the petition for review and reverse the Court of Appeals.

On September 2, 1980, petitioner Goodwill was found guilty in three separate felony theft cases, and was placed on ten years' probation. On February 9, 1981, he was convicted in the United States District Court for the Eastern District of Texas of the offense of altering a federal reserve note, and was sentenced to ten years' imprisonment. Just three days later, the State district court in which he was accorded probation found that he violated the conditions of his probation by committing the offense of burglary of a habitation. It revoked petitioner's probation, and sentenced him to ten years' imprisonment in each of the three theft cases.

In an order appended to the written sentences in each of those cases, the trial court ordered that those ten year sentences be served concurrently, but also ordered that they be served consecutively with regard to the ten year sentence petitioner received in federal court, i.e., they are to begin upon completion of that federal commitment.

Petitioner complained to the Court of Appeals that under the present Code of Criminal Procedure, a trial court has no authority to "stack" a prison sentence resulting from a state prosecution upon a prison sentence imposed by a federal court. The Court of Appeals disagreed, noting that such a procedure was expressly countenanced by this Court in dicta found in *Ex parte Lawson,* 98 Tex.Cr.R. 544, 266 S.W.2d 1101 (Tex.Cr. App.1924), as explained in *Ex parte Spears,* 154 Tex.Cr.R., 235 S.W.2d 917 (1950). While *Lawson* contained an accurate statement of the law as it existed at that time, it does not accurately reflect the law as it appears in the current Code of Criminal Procedure.

Unlike courts in some other jurisdictions, Texas trial courts have no implicit authority to cumulate or "stack" any prison sentences,[1] and could not do so until 1922. See *Prince v. State,* 44 Tex. 480 (Tex.1876).[2] In 1922 the Legislature conferred that authority upon them in Art. 862 of the Code of Criminal Procedure, which survived unchanged as Art. 774 of the 1925 Code of Criminal Procedure:

> When the same defendant has been convicted in two or more cases, *and the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment,* judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases,

---

1. Apparently the majority of states recognize this implicit authority of trial courts to cumulate prison sentences in absence of a statute authorizing the practice. See 21 Am.Jur.2d Sec. 554, p. 919.

2. See also *Ex parte Lawson,* supra, at 266 S.W.2d 1101, where it was stated:
   In article 862, C.C.P., the power is conferred upon the district courts in which a conviction of imprisonment is entered to

make it cumulative with a prior conviction by a declaration in the sentence; that is to say, to make the date of the beginning of the second conviction coincident with the end of the first or previous conviction. *It is by force of this statute that judgments of conviction can be made cumulative. Hannahan v. State,* 7 Tex.App. 664; *Baker v. State,* 11 Tex.App. 262; *Prince v. State,* 44 Tex. 480. (Emphasis supplied.)

and sentence and execution shall be accordingly. (Emphasis supplied.)

As may be seen from the emphasized portion of the statute, the *Lawson* decision was correct in finding no distinction between situations in which sentences were stacked upon other state sentences, or upon a federal sentence, since both state and federal sentences in felony cases are served "in the penitentiary," and the cumulation power clearly applied equally to both. See the recent case of *Ex parte Blume,* 618 S.W.2d 373 (Tex.Cr.App.1981), in which the same construction of the phrase "the penitentiary" was applied in the context of the permissibility of use of federal convictions for enhancement purposes.

But in 1965 the new Code of Criminal Procedure was enacted, and the sentence cumulation statute, now designated Art. 42.08, underwent a single significant alteration:

When the same defendant has been convicted in two or more cases, *and the punishment in each case is confinement in an institution operated by the Department of Corrections or the jail* for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. (Emphasis supplied.)

According to the very specific terms of Art. 42.08, trial courts are now empowered to cumulate sentences *only* when all the sentences to be cumulated include confinement in an institution operated by the Department of Corrections or a jail. Petitioner's federal conviction resulted in a sentence of ten years' "imprisonment" under 18 U.S.C. Sec. 471, and persons convicted of offenses against the United States are imprisoned in "any United States penitentiary." 18 U.S.C. Sec. 4083. United States penitentiaries are operated by the United States Bureau of Prisons, under the supervision of the United States Attorney General. 18 U.S.C. Secs. 4001 and 4042. Since they are neither "jails," nor "institution[s] operated by the Department of Corrections" of this State, Art. 42.08 is manifestly inapplicable to the sentences which the trial court purported to cumulate in this case.

Because Art. 42.08 is inapplicable, and trial courts do not have any implicit authority to cumulate sentences in the absence of statutory authority for the cumulation, petitioner's sentences in these causes began to run on the day they were pronounced, according to the express dictate of Art. 42.09, Sec. 1, V.A.C.C.P., notwithstanding the purported cumulation of those sentences with the punishment petitioner is to receive in a federal correctional institution.

Few principles of appellate review are more axiomatic than that which states that the appellate courts must apply the law as they find it. The reason for the Legislature's restriction of the scope of the sentence cumulation statute should not now concern us, in light of the clear and unambiguous language of Art. 42.08; nor should the fact that the Legislature may wish to amend the statute to provide for cumulation of state and federal sentences. Therefore, to the refusal of this Court to entertain this petition for discretionary review and to correct the misapplication of the law of the State of Texas in the courts below, I respectfully dissent.