Jessie **BEAN**, Jr., Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–81–300–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for delivery of a controlled substance. Appellant was found guilty by a jury.

In his sole ground of error, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, appel-

lant contends that the evidence is insufficient to prove that he knew that the substance was hydromorphone, as alleged in the indictment.

In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused. *Banks v. State,* 510 S.W.2d 592 (Tex.Cr.App.1974); *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977). Knowledge and intent can be inferred from conduct of, remarks by and circumstances surrounding the acts engaged in by an accused. *Allen v. State,* 478 S.W.2d 946 (Tex.Cr.App.1972). In light of these standards, we affirm.

Officer Green, an undercover officer employed by the Houston Police Department, testified that he drove to the 3500 block of Blodgett, accompanied by two other officers in a second car, in response to a phone call he received regarding the location. Upon his arrival, he was flagged down by one Ransom Riser, III, who was standing on the sidewalk with appellant.

Green pulled his car up to the curb and was approached by Riser; appellant was standing "right behind him." Green asked Riser "if he had any number fours," told him that he "needed a K–4 tablet," referring to the K–4 dilaudid tablet, and showed him fifty dollars in bills. Riser then "walked back to the defendant," and the two men disappeared around the corner to a nearby apartment complex.

Less than three minutes later, appellant returned to Green's car alone and Green asked appellant if he had a K–4 tablet; appellant responded by squatting by the passenger side window and displaying one in his hand. After remarking that he "wanted to make sure it was a K–4 first," because he "didn't want to get burned for bad dope," Green exchanged fifty dollars for the pill in appellant's hand. Appellant *immediately left the scene and was subsequently* arrested. Police chemist Edward E. Heller testified that the pill appellant delivered was a K–4 dilaudid tablet, containing hydromorphone.

Officer Green's testimony concerning the transaction, particularly the fact that he stated before the exchange that he "didn't want to get burned for bad dope," the systematic process for street sales of narcotics, appellant's familiarity with the street name for dilaudid tablets containing hydromorphone, the price of the tablet, all tend to support the jury's finding that appellant knew what he was selling.

The judgment of the trial court is affirmed.