**Vernon Edwin FEWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–616CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 1985.

Rehearing Denied March 21, 1985.

---

Robert Turner, Houston, for appellant.

Calvin Hartmann, Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

The appellant was indicted for possession of cocaine with intent to deliver. After he pled not guilty, the jury convicted him and assessed punishment at 12 years' confine-

ment. The trial court ordered this sentence to begin upon completion of his federal sentence of 15 years.

This appeal alleges four grounds of error: (1) a fundamentally defective indictment; (2) insufficient evidence; (3) error in stacking the sentences; (4) violation of the right to a speedy trial.

We reverse with instructions to dismiss the indictment because it is fundamentally defective. We also find the trial court erred in stacking appellant's sentences.

In ground of error number one, appellant asserts that the indictment is fundamentally defective because it fails to allege why cocaine, a substance not in a penalty group, is a controlled substance. Tex.Rev.Civ. Stat.Ann. art. 4476–15 (Vernon Supp.1985).

■ In the indictment, on the dates alleged and proved, cocaine was not specifically named in a penalty group of the Controlled Substances Act. The allegation in the indictment that appellant possessed "a controlled substance, namely, Cocaine," without more, did not state an offense. Appellant was arrested on September 20, 1978, and possession of cocaine, without further description, did not become an offense until August 27, 1979. Appellant's conduct, which occurred prior to the effective date of the amendment, is governed by prior law and thus the prior law controls the disposition of this indictment. *Ex Parte Perez*, 618 S.W.2d 770, 771 (Tex. Crim.App.1981) (en banc); *Taylor v. State*, 610 S.W.2d 471, 478 (Tex.Crim.App.1981) (en banc); *Crowl v. State*, 611 S.W.2d 59, 60 (Tex.Crim.App.1980).

> To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group, ... such description is an essential element of the offense which must be alleged in the indictment in order to state an offense.

*Ex Parte Wilson*, 588 S.W.2d 905, 908 (Tex.Crim.App.1979) (en banc).

As such, the indictment in this case does not allege why cocaine, a substance not listed by name in a penalty group, is a controlled substance. Therefore, the indictment fails to allege an essential element of the offense and is fundamentally defective. *Crowl v. State*, 611 S.W.2d at 61. We order the conviction set aside and the indictment dismissed. Accordingly, ground of error number one is sustained.

■ In appellant's second ground of error, he claims the evidence is insufficient to support his conviction for possession with intent to deliver. Despite the reversal on ground number one, this court is obligated to review a claim of insufficient evidence. *Foster v. State*, 635 S.W.2d 710 (Tex.Crim. App.1982) (en banc). An appropriate discussion of this ground requires a brief look at the evidence.

Customs agents became suspicious of 3 boxes arriving from Bolivia addressed to the "Windjammer Corporation c/o Mr. Fewell." After a closer inspection they found a total of 24 pounds of cocaine hidden in the inner linings of these boxes. They immediately contacted the Drug Enforcement Administration (DEA), which sent over two agents who removed the bulk of the cocaine and replaced it with representative samples. They resealed the boxes and set up surveillance to establish who would claim them.

Several days later appellant retrieved the boxes from Customs, placed them in his automobile and proceeded at an erratic speed to a warehouse in southwest Houston. Upon arriving at his destination, he unloaded the boxes into the warehouse and closed the overhead door behind him. Emerging 20 minutes later, he was approached by a DEA agent who informed him he was under arrest. After an unsuccessful attempt to close the overhead door on the agent, appellant was taken into custody.

The DEA agents made a cursory inspection of the warehouse, found no one else inside, secured the premises, and left to obtain a search warrant. When they returned with the warrant, they discovered

the boxes had been cut along the edges directly into the hidden linings instead of being opened from the top. The cocaine had not been removed and the wooden art objects were left undisturbed. Also seized were other boxes opened in a similar fashion and a phoneagram addressed to the appellant, advising him that a shipment had arrived at National Airlines and needed to be picked up. In addition, they confiscated appellant's passport last stamped in La Paz, Bolivia.

■ Appellant also makes note of the fact that the boxes contained only a few grams of cocaine because the DEA agents had removed the remainder.[1] He contends this small amount suggests no plan or intent to deliver or sell the cocaine to others. The evidence indicates that he had no way of knowing that the DEA agents removed the majority of the cocaine and replaced it with representative samples. Furthermore, it was not unreasonable for the jury to infer that he had the intent to deliver the original amount in the boxes. *See Alba v. State*, 492 S.W.2d 555, 561 (Tex.Crim.App. 1973).

■ It is clear that intent may be inferred from the acts, words or conduct of the accused. *Romo v. State*, 593 S.W.2d 690, 693 (Tex.Crim.App.1980). Knowledge and intent can be inferred from conduct of, remarks by and circumstances surrounding the acts engaged in by an accused. *Allen v. State*, 478 S.W.2d 946, 947 (Tex.Crim. App.1972); *Bean v. State*, 641 S.W.2d 351, 352 (Tex.App.—Corpus Christi 1982, no pet.). In addition, intent is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex.Crim.App.1974).

The relevant standard to be used in reviewing sufficiency of the evidence questions was developed by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State,* 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (en banc).

■ Upon applying the above-quoted standard, we find the evidence sufficient to support the conviction. After reviewing the evidence in the light most favorable to the verdict, we believe that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Ground number two is overruled and a retrial is not prohibited upon remand.

■ Appellant urges in ground number three that the trial judge erred in "stacking" his state sentence on his federal sentence. We agree. Tex.Code Crim.Proc. Ann. art. 42.08 (Vernon 1979) does not authorize the cumulation or "stacking" of a Texas state sentence with a federal sentence. Article 42.08 is limited to the situation where "the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment." *Sturgis v. State,* 657 S.W.2d 813, 815 (Tex. App.—Eastland 1982), *aff'd per curiam,* (No. 051–83, September 14, 1983). Ground number three is sustained. In the event of a retrial and conviction of this offense, stacking of the sentences is prohibited.

Presented by appellant in ground number four is the argument that he was denied the right to a speedy trial; more specifically, that his arrest by DEA agents triggered the time provisions of the Texas Speedy Trial Act. Tex.Code Crim.Proc. Ann. art. 32A.02 (Vernon Supp.1985). Appellant was arrested and charged in Federal Court on September 20, 1978. He

---

1. The cocaine had an estimated street value of $13,000,000.00 and the majority of it was re-

moved for security reasons.

jumped bond in Federal Court in April, 1979. On February 12, 1980, while federal authorities were searching for him in a foreign country, he was indicted in State Court. The appellant was finally apprehended in Paris, France, and returned to Harris County on March 25, 1983. The state filed a written announcement of ready on June 10, 1983.

■ In Texas, the Speedy Trial Act is triggered by the commencement of a criminal action. For the purposes of this act, a criminal action commences when an indictment, information or complaint against the defendant is filed in court. Art. 32A.02 § 2(a). In the present case, this did not occur for state purposes until the indictment was returned on February 12, 1980. *See U.S. v. Wilson*, 657 F.2d 755 (5th Cir. 1981), *cert. denied*, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); *U.S. v. Walker*, 710 F.2d 1062 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984).[2] In calculating the time periods under the Speedy Trial Act, we exclude the period of delay resulting from the appellant's absence when his location was unknown and he was avoiding apprehension or prosecution. Art. 32A.02 § (4). Since he was out of the country to avoid prosecution from February 12, 1980 (date he was indicted in state court) until March 25, 1983 (date he returned to Harris County), we exclude that period of time in computing the 120 days. Therefore, calculating from March 25, 1983, until the state announced ready for trial on June 10, 1983, the state announced ready within 77 days, well within the 120 day period. Ground number four is overruled.

Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with our holding.

2. In each of the cited cases, state action did not trigger the time provisions of the Federal Speedy Trial Act, 18 U.S.C. § 3161 et seq. (Supp. 1984), nor engage defendant's Sixth Amendment right to a speedy trial in federal court. Conversely, it follows that the DEA arrest of Fewell did not trigger the time provisions of the Texas Speedy Trial Act. This conclusion is an outgrowth of the doctrine of dual sovereignty.