Riccardo Rafael
**HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00731–CR.**

Court of Appeals of Texas,
Dallas.

April 6, 1988.

Russ Henrichs, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before DEVANY, STEWART and HECHT, JJ.

STEWART, Justice.

Riccardo Rafael Hernandez was convicted of aggravated robbery and sentenced to thirty years' confinement. Appellant contends that the trial court erred in cumulating appellant's sentence and a prior North Carolina sentence. Because we agree that the trial court improperly cumulated the sentence, we modify the judgment to provide for a concurrent sentence and, as modified, affirm.[1]

Appellant contends that the trial court lacked the statutory authority to cumulate or "stack" his Texas sentence with his pri-

or North Carolina sentence. Although Texas courts have addressed the stacking of federal and Texas state sentences, we have located no authority addressing the stacking of Texas state sentences and the sentences of sister states.

■ It is well settled that cumulative sentencing is not permitted absent statutory authority. *Prince v. State*, 44 Tex. 480 (1876). *See also Baker v. State*, 11 Tex.App. 262 (1881); *Hannahan v. State*, 7 Tex.App. 664 (1880). In 1879, the legislature conferred that authority upon Texas courts. *Ex parte Moseley*, 30 Tex.App. 338, 17 S.W. 418 (1891). The statute was amended in 1883 to provide for *mandatory* cumulation of sentences. Law of Feb. 12, 1883, ch. 14, § 1, 1883 Tex.Gen. Laws 8 (1883). Mandatory stacking continued until 1919 when the legislature amended the statute to provide for cumulative sentencing at the trial court's discretion. Law of Feb. 19, 1919, ch. 20, § 1, 1919 Tex.Gen. Laws 25 (1919).

The law survived unchanged as article 774 of the 1925 Code of Criminal Procedure, which provided:

> When the same defendant has been convicted in two or more cases, and *the punishment assessed in each case is confinement in the penitentiary or the jail for a term of imprisonment,* judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

(Emphasis added). Under this version of the statute, the Court of Criminal Appeals ruled that cumulation was permitted where the prior conviction was in federal court. *See Ex parte Spears*, 154 Tex.Crim.R. 112,

---

1. We have overruled appellant's other points of error in an unpublished opinion, *Hernandez v.* *State*, No. 05–87–00731–CR (Tex.App.—Dallas April 6, 1988).

235 S.W.2d 917 (1950); *Ex parte Lawson,* 98 Tex.Crim.R. 544, 266 S.W. 1101 (1924). It has been stated that stacking federal and state sentences was permissible under the wording of the 1925 statute because both state and federal felony sentences are served "in the penitentiary." *See Goodwill v. State,* 639 S.W.2d 697, 699 (Tex.Crim. App.1982) (Teague, J., dissenting from refusal to grant appellant's petition for discretionary review). Although there is no authority construing the 1925 statute with regard to convictions from sister states, there is no logical reason for applying a different rule to sister state convictions and federal convictions.

In 1965 the new Code of Criminal Procedure was enacted, and the sentence cumulation statute, now designated article 42.08, underwent a single alteration:

> When the same defendant has been convicted in two or more cases, *and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment,* judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

Act of June 18, 1965, ch. 722, § 1, 1965 Tex.Gen.Laws 317, 486–87. Under this version of the statute, the Houston and Eastland courts have held that Texas state sentences may not be stacked upon federal sentences. *See Fewell v. State,* 687 S.W.2d 807, 810 (Tex.App.—Houston [44th Dist.] 1985, no pet.); *Sturgis v. State,* 657 S.W.2d 813, 815 (Tex.App.—Eastland 1982), *aff'd per curiam,* No. 051–83 (Tex.Crim.App. September 14, 1983). The Eastland court stated:

Article 42.08, supra, is limited to the situations where "the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment." Clearly, appellant's federal sentence will not be served by confinement in "an institution operated by the Department of Corrections" or in jail. It will be served in some institution operated by the Federal Bureau of Prisons. *Sturgis,* 657 S.W.2d at 815. Again, we perceive no reason to create a different interpretation of the 1965 statute for sister state sentences and federal sentences. One commentator suggests that a Texas state sentence cannot be stacked on a prior federal sentence *or* on a prior sentence from a sister state court. Connors, *Stacking Sentences: Texas Cumulative and Concurrent Sentencing,* 46 TEX.B.J. 948 (1983).

■ We are aware that article 42.08 was amended again in 1985 [2] and in 1987. The 1987 amendment deletes the "Department of Corrections" language and provides:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction.... [i]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

TEX.CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1988). This statute became effective August 31, 1987, well after the November 6, 1986 robbery and the June 25, 1987 imposition of appellant's sentence. We may not apply the amended statute to appellant's conviction. Such retroactive application would violate the constitutional

---

**2.** The 1985 amendment retained the "Department of Corrections" phraseology and added a section (b) dealing with cumulation when a

Department of Corrections prisoner commits an offense while serving his sentence.

prohibition against ex post facto enactments. *See Baker v. State*, 11 Tex.App. 262, 264–65 (1881); *Hannahan v. State*, 7 Tex.Crim. 664, 666 (1880). Consequently, we are not called upon to decide whether the 1987 statute will allow stacking of Texas state and other state or federal sentences.

■ We conclude that the 1965 statute, as amended in 1985, allows cumulation of only those sentences that are to be served in the Texas Department of Corrections or the jail. The State argues that "jail" is generic, meaning any place of confinement. Since appellant's North Carolina sentence assuredly will be served in a place of confinement, argues the State, his Texas Department of Corrections sentence could be properly stacked on his North Carolina "jail" sentence. We are not persuaded. In interpreting a statute, we must read it as a whole. *Thomas v. State*, 144 Tex.Crim.R. 533, 164 S.W.2d 852, 855 (1942). In doing so, we conclude that the legislature included "the jail" as the place where nonfelony sentences are served. *See* TEX.PENAL CODE ANN. §§ 12.21–12.23 (misdemeanor punishment—jail confinement), 12.31–12.34 (felony punishment—confinement in Texas Department of Corrections) (Vernon 1974). Thus, the statute merely provides for the stacking of felony and misdemeanor sentences in Texas courts. *McClure v. State*, 496 S.W.2d 588, 591 (Tex.Crim.App.1973); *Ex parte Davis*, 71 Tex.Crim. 538, 160 S.W. 459, 460 (1913).

We hold that the cumulative sentence statute in effect at the time appellant committed the offense does not permit cumulation of Texas state sentences and the sentences of other states. Consequently, the trial court erred in providing that appellant's Texas sentence would begin only after his North Carolina sentence ceased to operate. We sustain appellant's point of error and reform the judgment to reflect that appellant's Texas sentence will operate concurrently with his North Carolina sentence.