Affirmed and Memorandum Opinion filed May 12, 2005









Affirmed and Memorandum Opinion filed May 12, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-04-00382-CR 

          14-04-00383-CR

____________

 

TONY RAYMOND RENT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause Nos. 02CR2090;
02CR2712

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted in two cause
numbers of the felony offenses of burglary of a habitation with intent to
commit aggravated assault and of aggravated assault.  After a jury found him guilty, appellant
proceeded to punishment before the trial judge and was sentenced to twelve
years’ confinement, to be served in the Texas Department of Criminal Justice,
Institutional Division.  On appeal,
appellant challenges the legal and factual sufficiency of the evidence to
support each conviction.  We affirm.








Factual and Procedural Background

The events that gave rise to this
proceeding began when several young men went to the home of the Castle family
in August of 2002.[1]  Before going to the home, the men were at a
birthday party for appellant.  The young
men left the party and went to the Castle home because they suspected William
Castle had tried to run one of them over with his vehicle earlier in the
evening.  Once the men arrived at the
Castle home, a fight ensued.  One of the
men, Jesse Moore, punched William after William came to the door.  The men then began fighting and entered the
Castle home.  Most of the fighting took
place in the foyer area.  Some of the men
fighting had knives and guns; members of the Castle family, as well friends who
were at their home, reported that the men pointed guns at them and threatened
them.  The witnesses at trial gave
conflicting testimony about whether appellant was at the home or remained at
his own birthday party, and also about the extent of appellant’s participation
in the melee.  It is undisputed, however,
that during the course of the fight, William Castle was stabbed in the back and
several people were held at gunpoint. 
The fight did not end, and the men did not leave the Castle home, until
William’s mother intervened and Shayne Castle, William’s brother, announced
that he was calling the police.

Testimony at Trial








Appellant was charged with burglary for
entering the Castle home with the intent to commit aggravated assault (and with
the lesser offense of simple assault) upon William Castle.  Appellant was also charged with the
aggravated assault of Amanda West.[2]  At trial, appellant did not take the stand in
his own defense, although his attorney did call several witnesses who testified
appellant was not at the Castle home that night.  Three of these men—Jesse Moore, William Alzate,
and Geronimo Uriostegui—were charged and convicted for their roles in the
altercation.  They testified that
appellant did not go with them to the Castle home, instead remaining at his own
birthday party.  Appellant’s girlfriend
also gave testimony to the same effect.  

Contradicting this version of events,
however, were the prosecution’s witnesses. 
William and Shayne Castle testified against appellant at his trial.  Shayne identified appellant in court and
testified that appellant pointed a gun at him.  Tiffany Henson, who was Shayne’s girlfriend
and was living with the Castles at the time of the assaults, also
testified.  She also stated that
appellant was at the Castle home that evening and that she saw appellant
pointing a gun at Shayne Castle and Amanda West.  Amanda was a friend of the Castles and she
testified that appellant cocked his gun and pointed it at her head when he was
at the Castle home that night.  Amanda
testified she had known appellant as long as she could remember and she was
able to identify appellant in court. 
Amber Findle, Shayne’s and William’s sister, also placed appellant at
the Castle home that night.  Amber, who
also had known appellant for most of her life, made an in-court identification
of appellant as well.  Finally, William’s
mother, Linda Findle, testified that she recognized appellant’s voice when he
spoke to her just before leaving the Castle home.

After hearing this conflicting testimony,
the jury ultimately rejected the version of events as told by appellant’s alibi
witnesses and found appellant guilty in both cause numbers.  The trial judge assessed punishment at twelve
years’ confinement in each cause number, to be served concurrently, and
certified that appellant had the right to appeal in each cause number.

 








Issues on Appeal

On appeal, appellant challenges both of
his convictions and asserts the evidence is legally and factually insufficient
to support either one.  Initially,
appellant argues the State could not have proved his guilt beyond a reasonable
doubt because of the weakness of the State’s evidence placing him at the Castle
home and because of the strength of the alibi evidence he presented.  Although the State characterizes appellant’s
purported alibi as an affirmative defense, we interpret appellant’s complaints
as legal and factual sufficiency challenges to the the evidence supporting
identity, which is an essential element of the State’s case.[3]  Second, appellant urges us to find the proof
was legally and factually insufficient to show that he formed the requisite
intent to commit aggravated assault before entering the Castle home.  We address each of appellant’s contentions in
turn.

Analysis

Standards of Review








We utilize familiar standards of review
for appellant’s legal and factual sufficiency challenges.  In deciding appellant’s legal sufficiency
challenges, we review all of the evidence in the light most favorable to the
jury’s verdict to determine if any rational fact-finder could have found all of
the essential elements beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  In deciding appellant’s factual
sufficiency challenges, we view all of the evidence in a neutral light, without
the ‘most-favorable-to-the-verdict’ prism. 
See Zuniga v. State, 144 S.W.3d 477, 484 (2004).  The evidence is factually insufficient if a
jury would not be rationally justified in finding guilt beyond a reasonable
doubt.  Id.  The evidence may be factually insufficient in
two ways.  Id.  First, the evidence that supports appellant’s
guilty verdict may be so weak that the beyond-a-reasonable-doubt standard could
not have been met.  Id.  Second, weighing both the evidence that
supports the verdict and the evidence contrary to the verdict, the contrary
evidence may be so strong that the beyond-a-reasonable-doubt standard could not
have been met.  Id. at
484–85.  With the appropriate standards
of review in mind, we turn to appellant’s contention that the evidence is
legally and factually insufficient to establish identity.

Evidence of
Identity

Appellant contends
the State did not produce legally and factually sufficient evidence to prove
that he was the person who committed the charged offenses.  In connection with the burglary charge, the
State was required to prove that appellant entered a habitation with the intent
to commit aggravated assault.  See
Williams v. State, 505 S.W.2d 838, 841 (Tex. Crim. App. 1974) (“[T]o
constitute the offense of burglary[,] the entry must be made with the intent to
commit a felony . . . .”); see also Morris v. State, No. 14-00-01235-CR,
2001 WL 1575080, *2 (Tex. App.—Houston [14th Dist.] Dec. 6, 2001, no pet.) (not
designated for publication) (citing Tex.
Penal Code § 30.02(a)).  For the
aggravated assault charge, the State was required to prove that appellant
intentionally, knowingly or recklessly exhibited a deadly weapon while
committing an assault.  Id.
(citing Tex. Penal Code §
22.02).  Assault occurs when one person
threatens another person with imminent bodily injury.  Id. (citing Tex. Penal Code § 22.01).








Initially, we examine the evidence in the
light most favorable to the verdict to determine if any rational fact-finder
could have found all of the elements of the charged crimes beyond a reasonable
doubt.  See Jackson, 443 U.S. at
319.  As mentioned above, numerous
witnesses for the prosecution testified that appellant entered the Castle home
and that he pointed a gun at Shayne Castle. 
Amanda West testified that, while the other men beat William Castle, the
appellant held a gun to her head and threatened to shoot her if she moved.  Both Amanda and Shayne made in-court
identifications of appellant.  Also,
William’s mother testified that she recognized appellant’s voice.  Viewed in the light most favorable to the
verdict, this is legally sufficient evidence for a rational jury to find the
State proved identity beyond a reasonable doubt.  

Next, we must view the same evidence in a
neutral light.  Viewing this evidence in
a neutral light, we conclude the jury had factually sufficient evidence to find
the State proved identity beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.  Even when we balance this testimony against
appellant’s alibi evidence, we cannot conclude that the evidence supporting the
verdict was factually insufficient.  Id.
at 485.  The jury was entitled to judge
the credibility of all of the witnesses and to disbelieve the alibi testimony
offered by appellant’s witnesses.  See
Tex. Code Crim. Proc. art.
38.04 (“The jury, in all cases, is the exclusive judge . . . of the weight to
be given to the testimony . . . .”); Johnson v. State, 23 S.W.3d 1, 9
(Tex. Crim. App. 2000) (en banc) (“[D]ue deference must be accorded to the fact
finder’s determinations, particularly those determinations concerning the weight
and credibility of the evidence.”) (citation omitted).  Appellant relies heavily on the fact that
many of the prosecution’s witnesses were under the influence of alcohol or
drugs; appellant claims they could not have made a reliable identification of appellant.  Again, the jury was entitled to make that
determination and, as an appellate court, we cannot substitute our judgment for
that of the jury.  See Johnson, 23
S.W.3d at 9; Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996)
(en banc).  We find the evidence
supporting identity to be both legally and factually sufficient to support
appellant’s convictions and we overrule his first point of error.

Evidence of Intent to Commit Aggravated Assault








In his second issue, appellant contends
the evidence is legally and factually insufficient to prove that he had formed
the intent to commit aggravated assault at the time he entered the Castle
home.  One of the elements of burglary of
a habitation is to enter a habitation with the intent to commit a felony.  Tex.
Penal Code § 30.02; Morris, 2001 WL 1575080 at *2.  Initially, we view the evidence in the light
most favorable to the verdict to determine if a rational jury could have found
the State proved appellant’s intent to commit aggravated assault beyond a
reasonable doubt.  See Jackson,
443 U.S. at 319.  Appellant’s intent to
commit aggravated assault can be inferred from his actions, words and
conduct.  See Moore v. State, 969
S.W.2d 4, 10 (Tex. Crim. App. 1998) (en banc) (stating a defendant’s mental
state can only be inferred from his words, act, and conduct); see also
McCann v. State, No. 14-99-00842-CR, 2001 WL 699551, *3 (Tex. App.—Houston
[14th Dist.] June 21, 2001, pet. dism’d as untimely filed) (not designated for
publication) (citing Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App.
[Panel Op.] 1982)); Fewell v. State, 687 S.W.2d 807, 810 (Tex.
App.—Houston [14th Dist.] 1985, no pet.). 


Shayne Castle testified that, when he went
to the door of the Castle home, a man punched him.  Shayne testified that appellant, holding a
gun, then came into the Castle house, along with two other men.  Shayne testified the three men pointed their
guns at him once they were inside the home. 
Once inside the home, the men beat William Castle and stabbed him.  Amanda West testified that appellant held a
gun to her head to keep her from moving while the other men beat William
Castle.  We conclude this testimony is
legally sufficient to permit a jury to rationally find beyond a reasonable
doubt that appellant entered the Castle home with the intent to commit
aggravated assault.  See Jackson,
443 U.S. at 319.  Appellant does not cite
any evidence or testimony that demonstrates he lacked the intent to commit
aggravated assault when he entered the Castle home.  Even when we view the evidence that supports
the verdict in a neutral light, we conclude it is factually sufficient under Zuniga.  See Zuniga, 144 S.W.3d at 484–85; see
also Williams v. State, No. 01-96-00607-CR, 1997 WL 351119, *2 (Tex.
App.—Houston [1st Dist.] Jun. 26, 1997, no pet.) (holding evidence sufficient
to prove appellant’s intent was to commit aggravated assault at the time of
entry when evidence showed appellant broke into victim’s home at night and hit
her on the head).  We overrule appellant’s
second point of error.

 

 








Conclusion

We have reviewed the evidence supporting
appellant’s convictions for burglary of a habitation and aggravated
assault.  We have found the evidence to
be legally and factually sufficient and, therefore, we affirm both of
appellant’s convictions.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 12, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  The exact date
is unclear from the record; the men arrived either very late in the evening of
August 2nd or very early in the morning of August 3rd, 2002.





[2]  In the first
count of cause number 02CR2090, appellant was charged with entering a
habitation with intent to commit aggravated assault and committing aggravating
assault upon William Castle through the use and exhibition of a deadly
weapon.  See Tex. Penal Code § 30.02.  In the second count of the same cause number,
appellant was charged with entering a habitation with intent to commit assault
and committing assault upon William Castle through the use and exhibition of a
deadly weapon.  See Tex. Penal Code § 22.01.  In cause number 02CR2712, appellant was
charged with intentionally and knowingly threatening Amanda West with imminent
bodily injury through the use and exhibition of a deadly weapon.  See Tex.
Penal Code § 22.02.  In each of
the charges, the deadly weapon was alleged to be a handgun.





[3]  Giesberg v.
State, 984 S.W.2d 245, 248 (Tex. Crim. App. 1998) (en banc) (“Alibi was
excluded from the Revised Penal Code’s list of defenses and affirmative
defenses because it only serves to negate a necessary element of proof in the
State’s case—the defendant’s presence at the time and location of the
commission of the crime.”).