In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-315 CR


____________________



JASON RAY TUBBS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B050218-R






 MEMORANDUM OPINION 


 Jason Ray Tubbs appeals his conviction and raises two issues on appeal. Tubbs
contends that the evidence was insufficient to support the court's finding of true to the
enhancement paragraphs of his indictment. Tubbs also contends that the trial court abused
its discretion when it ordered him to serve his sentences consecutively. Because we agree
that the trial court improperly cumulated the sentence, we modify the judgment to provide
for a concurrent sentence and, as modified, affirm. See Hernandez v. State, 748 S.W.2d 324,
325 (Tex. App.-Dallas 1988, pet. ref'd).

Background

 On May 4, 2005, Tubbs pled guilty to two felony offenses of evading arrest or
detention and elected to have the court assess punishment. The two offenses were charged
under separate indictments. The first offense occurred on November 9, 2004 (Trial Cause
No. B-050107-R) and the second offense occurred on February 17, 2005 (Trial Cause No.
B-050218-R). (1) With the exception of the enhancement paragraphs included in the indictment
applicable to this appeal, the dates of the offenses, and the peace officers involved in each
of the pursuits, the indictments are identical. The enhancement paragraphs in the indictment
applicable to this appeal reference two prior convictions of state jail felonies for Felony
Theft. 

 The court conducted a punishment hearing on Tubbs's open pleas of guilty to each
case. After the presentation of evidence, testimony, and argument, the trial court sentenced
Tubbs to two years confinement in a state jail facility in Trial Cause No. B-050107-R. 
Having found the enhancement paragraphs true, the trial court then sentenced Tubbs to ten
years confinement in the Texas Department of Criminal Justice Institutional Division in Trial
Cause No. B-050218-R and ordered that the ten-year sentence run consecutive to the two-year sentence. The enhancement paragraphs were not read at the sentencing hearing and the
record is silent regarding Tubbs's plea on the enhancement allegations.

 Tubbs complains of two issues on appeal. Tubbs contends that the evidence is
insufficient to support the trial court's finding of true to the enhancement paragraphs. Tubbs
also asserts that the trial court erred in ordering the sentences served consecutively. 

Sufficiency of Evidence in Finding Enhancement Paragraphs True

 Tubbs argues that the evidence is insufficient for the trial court to have found the
enhancement paragraphs true because they were never read. Tubbs concludes that the issue
of enhancement was not properly before the trial court. 

 In cases where the trial court assesses punishment, there is neither a requirement that
the court read the enhancement paragraphs nor does the appellant have to plead to them. 
Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); see also Garner v. State, 858
S.W.2d 656, 660 (Tex. App.-Fort Worth 1993, pet. ref'd); Simms v. State, 848 S.W.2d 754,
755 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). Therefore, reading the enhancement
paragraphs was not required. 

 In a legal sufficiency review, we view all the evidence in the light most favorable to
the judgment to determine whether any rational fact finder could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004). In a factual sufficiency review, we view the evidence in a neutral light and reverse
only if we conclude, from some objective basis in the record, that the great weight and
preponderance of evidence contradicts the fact finder's determination. Watson v. State, 204
S.W.3d 404, 414, 417 (Tex. Crim. App. 2006). We cannot determine that a finding is
"clearly wrong" or "manifestly unjust" simply because we would have found otherwise. Id.
at 417. In examining a factual sufficiency challenge, we defer to the fact finder's
determination of the credibility of the evidence. Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003).

 After review of the record, we find the evidence both legally and factually sufficient
to support the trial court's finding on the enhancement paragraphs. The Pre/Postsentence
Investigation Report includes the same two state jail felony theft convictions specified in the
indictment's enhancement paragraphs. The Texas Code of Criminal Procedure authorizes
the court to order and consider a presentence report when the trial court assesses punishment. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon 2006). A judge may take judicial
notice of its own file and thus, unobjected-to facts contained within a presentence report can
be judicially noticed and considered evidentiary when assessing punishment. See
Montgomery v. State, 876 S.W.2d 414, 416 (Tex. App.-Austin 1994, pet. ref'd) (unobjected
contents of presentence report constitute "record evidence" and therefore, were sufficient to
establish defendant's prior convictions for enhancement purposes); Mayfield v. State, 757
S.W.2d 871, 875 (Tex. App.-Houston [1st Dist.] 1988, pet. ref'd) (presentence report is part
of court file of which judge may always take judicial note and need not be formally offered
into evidence for proper consideration); see also Cardenas v. State, 960 S.W.2d 941, 947 n.
5 (Tex. App.-Texarkana 1998, pet. ref'd) ("Although presentence reports are not usually
offered formally into evidence, there is authority indicating that since they are presented for
the consideration of the trial judge in sentencing, they are treated as evidentiary in nature."). 
 The trial court ordered the preparation of a presentence report prior to Tubbs's
sentencing hearing. At the punishment hearing, the court provided both parties the
opportunity to object to the factual accuracy of the report's contents and to correct any
mistakes or misstatements. Tubbs neither objected to the criminal history section of the
report nor sought to correct any information contained within the section. (2) Moreover, Tubbs
testified at the hearing that he had been convicted at least seven times for theft and sentenced
to state jail on more than one occasion. 

 Viewing the record in the light most favorable to the finding, a rational fact finder
could conclude beyond a reasonable doubt that the enhancement paragraphs were true. The
evidence is legally sufficient to support the trial court's finding. Furthermore, a neutral
review of the record does not demonstrate that the proof of the finding is clearly wrong or
manifestly unjust or that it is against the great weight and preponderance of the evidence. 
The evidence is factually sufficient to support the finding. Therefore, we overrule Tubbs's
first issue. 

Ordering Sentences to be Served Consecutively

 In his second issue on appeal, Tubbs asserts that the trial court abused its discretion
when it ordered his sentences to be served consecutively. While the trial court generally has
discretion in ordering sentences to run consecutively or concurrently, section 3.03 of the
Texas Penal Code limits this discretion. See Tex. Pen. Code. Ann. § 3.03(a) (Vernon Supp.
2006); see generally Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2006).
Absent certain exceptions not applicable here, section 3.03 mandates that sentences run
concurrently when an accused is found guilty of more than one offense arising out of the
same criminal episode that are prosecuted as a single criminal action. Tex. Pen. Code. Ann.
§ 3.03(a). 

 The Penal Code defines "criminal episode" as the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon more than one
person or item of property, under the following circumstances:

 (1) the offenses are committed pursuant to the same transaction
or pursuant to two or more transactions that are connected or
constitute a common scheme or plan; or

 (2) the offenses are the repeated commission of the same or
similar offenses.


Tex. Pen. Code. Ann. § 3.01 (Vernon 2003).

 The State concedes that the two cases were prosecuted in a single criminal action
because Tubbs pled guilty to the two indictments during the same proceeding and
punishment for each case was assessed in a single punishment hearing. Therefore, we must
determine whether the two evading arrest or detention offenses arise from the same criminal
episode as defined by the Penal Code.

 Tubbs was indicted on two separate charges for the same exact offense, evading arrest
or detention. As the State acknowledges, only the dates of occurrence and the identity of the
officers who pursued Tubbs differ in the indictments. Thus, evading arrest and detention on
two occasions, although at a different time and involving different officers, are repeated
commissions of the same or a similar offense. We conclude that the two offenses arise from
the same criminal episode. Id.; see also Baker v. State, 107 S.W.3d 671, 673 (Tex. App.-
San Antonio 2003, no pet.) (finding three sexual assault or attempted sexual assault offenses
occurring on different dates and involving different victims to be similar offenses);
Hernandez v. State, 938 S.W.2d 503, 508-09 (Tex. App.-Waco 1997, pet. ref'd) (finding
April 16 cocaine sale and September 22 marijuana sale merely repetitious commissions of
same offense); Guidry v. State, 909 S.W.2d 584, 585 (Tex. App.-Corpus Christi 1995, pet.
ref'd) (finding section 3.01 does not impose a time differential between the commission of
same or similar offenses). 

 We conclude that the trial court erred when it ordered Tubbs's sentences to run
consecutively. See Tex. Pen. Code. Ann. § 3.03. Thus, we sustain Tubbs's second issue.
The cumulation order entered in Cause No. B-050218-R, attempting to cumulate the sentence
with Cause No. B-050107-R, is hereby set aside. See Turner v. State, 733 S.W.2d 218 (Tex.
Crim. App. 1987). We order that Tubbs's sentence in Cause No. B-050218-R began to run
on May 27, 2005. As reformed, the judgment of the trial court is affirmed.

 AFFIRMED AS MODIFIED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on September 21, 2006

Opinion Delivered December 27, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Trial Cause No. B-050107-R was separately appealed to this court under case
number 09-05-356-CR. This court may take judicial notice of its own records, and we do
take notice of the record of Tubbs's other appeal. See Moore v. Zeller, 153 S.W.3d 262,
264 (Tex. App.-Beaumont 2004, pet. denied). 
2. Tubbs did object to the report's discussion of the Substance Abuse Questionnaire
(SAQ) and the trial court agreed to disregard the SAQ. The State corrected the date
Tubbs's probation was revoked with respect to Cause B020390. The SAQ and the State's 
correction, however, are irrelevant herein.